505 F.Supp. 862 (1981)
Charles McCLAIN, Plaintiff,
v.
Honorable Judge Charles KITCHEN et al., Defendants.
No. 80-1002C(3).
United States District Court, E. D. Missouri, E. D.
January 11, 1981.
*863 Charles McClain, pro se.
John Ashcroft, Atty. Gen., Steven W. Garret, Asst. U. S. Atty., Jefferson City, Mo., for defendant Kitchen.
Cornelius T. Lane, Jr., Murphy, Schlapprizzi & Lane, St. Louis, Mo., for defendant Edwards.
Michael G. Ravetta, Asst. Circuit Atty., St. Louis, Mo., for defendant Peach.

MEMORANDUM AND ORDER
FILIPPINE, District Judge.
This matter is before the Court on separate motions of the three defendants to dismiss plaintiff's pro se complaint, which was filed pursuant to 42 U.S.C. §§ 1983 and 1985. Plaintiff's complaint alleges that the defendants, George Peach, Leslie Edwards, and the Honorable Charles Kitchen, respectively the Circuit Attorney for the City of St. Louis, an Assistant Public Defender, and a Circuit Court judge, conspired together in the City of St. Louis to cause plaintiff's 27.26 motion to be dismissed, without consulting the plaintiff, for the purpose of concealing certain constitutional violations which occurred during plaintiff's criminal trial. Plaintiff seeks reinstatement of his 27.26 motion, or in the alternative, a declaration that federal habeas corpus will lie to test his conviction. Plaintiff also seeks actual and punitive damages from defendants Edwards and Peach.
Defendant Kitchen moves to dismiss on the basis of judicial immunity. However, such immunity ordinarily applies only to actions for damages, not to actions for equitable relief. Timmerman v. Brown, 528 F.2d 811 (4th Cir. 1975); see Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). Plaintiff does not seek damages from defendant Kitchen. However, the equitable relief which plaintiff seeks against defendant Kitchen, reinstatement of the 27.26 motion, would not be appropriate even if plaintiff's allegations of conspiracy are true, since plaintiff had an adequate remedy for the dismissal of his 27.26 motion in his option to take an appeal therefrom. Moreover, the Court finds that it would be premature at this point to determine whether federal habeas corpus would lie despite plaintiff's apparent failure to exhaust his state remedies, because plaintiff has not yet filed a federal habeas corpus petition. Accordingly, the complaint fails to state a claim against defendant Kitchen on which relief can be granted.
As to defendants Peach and Edwards, the Court finds that the complaint fails to state a claim upon which the equitable relief requested can be granted, for the reasons stated above. As to the plaintiff's prayer for damages, the Court finds that defendant Peach is entitled to prosecutorial immunity. Imbler v. Pachtman, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); White v. Bloom, 621 F.2d 276 (8th Cir. 1980). Although plaintiff has not specifically alleged that defendant Peach was acting in a prosecutorial capacity in participating in the alleged conspiracy, "Peach is the advocate of the state of Missouri in the proceedings for state post-conviction relief sought by plaintiff. This advocacy is, in effect, an extension of Peach's prosecutorial pursuit of the criminal prosecution. Therefore, Peach enjoys absolute immunity from liability for the damages requested by plaintiff." Winters v. Palumbo, No. 80-739 C(3) (E.D.Mo., order filed September 30, 1980).
As to defendant Edwards, said defendant as a public defender, is entitled to qualified immunity only, Dodson v. Polk County, 628 F.2d 1104 (8th Cir. 1980), and dismissal is not appropriate on that basis. However, the Court finds that dismissal is appropriate on the he ground that the complaint is devoid of any factual allegations which would support plaintiff's conclusion of conspiracy. Ellingburg v. King, 490 F.2d 1270, 1271 (8th Cir. 1974); Barnes v. Dorsey, 480 F.2d 1057 (8th Cir. 1973).
*864 In accordance with the foregoing,
IT IS HEREBY ORDERED that the defendants' motions to dismiss be and are GRANTED.
IT IS FURTHER ORDERED that plaintiff's complaint be and is DISMISSED without prejudice.