**Charles McCLAIN, Appellant,**

v.

**Honorable Charles KITCHEN, Judge, Leslie Edwards and George Peach, Appellees.**

**Charles McCLAIN, Appellant,**

v.

**Donald WYRICK, Warden; John Ashcroft, Attorney General, State of Missouri, Appellees.**

Nos. 81–1145, 81–1193.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 17, 1981.

Decided Sept. 23, 1981.

F. Terrell Eckert, Jr., St. Louis, Mo., for appellant McClain.

John Ashcroft, Atty. Gen., Steven W. Garrett, Asst. Atty. Gen., Jefferson City, Mo., George Peach, Circuit Atty., Edward J. Bippin, Asst. Circuit Atty., St. Louis, Mo., for appellees.

Cornelius T. Lane, Jr., Gunn, Lane & Devereux, P. C., St. Louis, Mo., for appellee Edwards.

Before LAY, Chief Judge, and HEANEY and ROSS, Circuit Judges.

PER CURIAM.

Charles McClain was convicted of first degree murder in the Circuit Court of the City of St. Louis. The conviction was reversed on appeal by the Missouri Supreme Court. *State v. McClain*, 498 S.W.2d 798, 800 (Mo.1973). McClain was retried and convicted of first degree murder and forcible rape. He was given consecutive life sentences for the two offenses. The Missouri Court of Appeals affirmed the second conviction. *State v. McClain*, 536 S.W.2d 45, 47 (Mo.App.1976).

After the second conviction was affirmed, McClain filed a motion in the Circuit Court of the City of St. Louis to vacate his sentence pursuant to Mo.R.Crim.P. 27.26. This motion was dismissed without prejudice on June 18, 1980. On July 31, 1980, McClain filed a petition for writ of habeas corpus. On August 1, 1980, McClain filed a *pro se* complaint under 42 U.S.C. §§ 1983, 1985, alleging a conspiracy between the Circuit Attorney for the City of St. Louis, an As-

sistant Public Defender and a Circuit Court Judge to cause his Rule 27.26 motion in state court to be dismissed without his knowledge or consent to conceal violations of his constitutional rights at his criminal trial.

The district court, Judge Nangle presiding, dismissed McClain's habeas corpus petition on the ground that the petitioner failed to exhaust available state remedies. McClain's civil rights suit was dismissed by Judge Filippine, 505 F.Supp. 862. McClain appeals from these two dismissals. We affirm the decisions of the district court.

I. *Habeas Corpus.*

McClain seeks federal habeas corpus relief on grounds of ineffective assistance of counsel, and denial of due process and equal protection. State prisoners seeking federal habeas corpus relief must exhaust state remedies before presenting their claims in federal court. *Pitchess v. Davis*, 421 U.S. 482, 487, 95 S.Ct. 1748, 1751, 44 L.Ed.2d 317 (1975); *Tyler v. Swenson*, 527 F.2d 877, 880 (8th Cir.), *cert. denied*, 425 U.S. 915, 96 S.Ct. 1515, 47 L.Ed.2d 766 (1976). A prisoner does not exhaust state remedies until he gives the state courts an opportunity to address his claims. *Green v. Wyrick*, 414 F.Supp. 343, 349 (W.D.Mo.), *aff'd*, 542 F.2d 1178 (8th Cir. 1976).

No Missouri court has had an opportunity to rule on the claims raised in McClain's petition for writ of habeas corpus. In his appeal to the Missouri Court of Appeals from his second state criminal conviction, only two issues—neither of which are included in the habeas corpus petition—were raised: (1) whether the trial court erred by admitting inflammatory photographs of the victim, and (2) whether the trial court erred by admitting medical testimony when a sufficient chain of custody was not shown. *State v. McClain, supra*, 536 S.W.2d at 46–47.

Further, the issues raised in McClain's Rule 27.26 motion were precisely those presented by his petition for writ of habeas corpus. But prior to any hearing or re-

sponse by the state to his Rule 27.26 motion, McClain's attorney moved to withdraw the motion without prejudice pursuant to Rule 67.01 of the Missouri Rules of Civil Procedure.[1] The state court of appeals had no choice but to dismiss the motion because no leave of court was required by Rule 67.01.

Moreover, defendant Wyrick, Warden of the Missouri State Correctional Institution at Jefferson City, correctly points out that because McClain's Rule 27.26 motion was dismissed without prejudice, he may refile his motion, thereby giving the state courts an opportunity to review his claims. Mo.R. Civ.P. 67.01.

Finally, McClain's allegation that his attorney dismissed his motion without his knowledge or consent does not excuse the petitioner's failure to exhaust his state remedies. This Circuit has found that when a convicted defendant's motion for relief is dismissed without the defendant's voluntary consent, the defendant must still exhaust his state remedies by refiling the motion if possible before obtaining habeas corpus relief. *Larson v. Swenson*, 425 F.2d 1076, 1077 (8th Cir. 1970) (dismissal coerced by prosecutor); *Barry v. Sigler*, 373 F.2d 835, 839 & N.6 (8th Cir. 1967) (erroneous dismissal by state court).

Because McClain failed to exhaust available state remedies, the district court did not err in dismissing his petition for writ of habeas corpus.

## II. *Civil Rights Claims.*

McClain's *pro se* complaint, filed pursuant to 42 U.S.C. §§ 1983 and 1985, alleges that defendants George Peach, Circuit Attorney for the City of St. Louis, Leslie Edwards, Assistant Public Defender, and the Honorable Charles Kitchen, Circuit Court Judge, conspired together to cause McClain's Rule 27.26 motion to be dismissed without his consent to conceal constitutional violations that occurred during his criminal trial. McClain seeks actual and punitive damages, as well as equitable relief.

■ The district court, Judge Filippine presiding, dismissed the civil rights damages claims against Judge Kitchen and Prosecutor Peach on the ground that they were entitled to absolute immunity. He dismissed the claim against Public Defender Edwards on the ground that McClain's complaint failed to state a cause of action because it was not supported by any factual allegations. Because McClain's complaint alleged absolutely no facts to support his claim, we sustain the district court's finding that the complaint alleged insufficient facts to support a claim for relief. *Cf. White v. Walsh*, 649 F.2d 560, 561–562 (8th Cir. 1981). This finding is sufficient to affirm the dismissal of the complaint as to all three defendants.[2]

The equitable relief requested by McClain in his federal civil rights lawsuit is the reinstatement of his Rule 27.26 motion or, alternatively, a declaration that a habeas corpus action will lie to challenge his convictions.

Equitable relief is an extraordinary remedy which is available to a party only when no other adequate remedy exists. *Bonner v. Circuit Court of the City of St. Louis, Missouri*, 526 F.2d 1331, 1335 (8th Cir. 1975), *cert. denied*, 424 U.S. 946, 96 S.Ct. 1418, 47 L.Ed.2d 353 (1976). The district court dismissed McClain's claim on the ground that appeal provided an adequate remedy for the dismissal of his Rule 27.26 motion. It is unsettled under Missouri law whether the voluntary dismissal of a Rule 27.26 motion can be appealed.[3] But, as the state defend-

---

1. Mo.R.Civ.P. 67.01 provides: "A civil action may be dismissed by the plaintiff without prejudice without order of court any time prior to the introduction of evidence at the trial." A Rule 27.26 motion is a civil action. Mo.R. Crim.P. 27.26.

2. Because we hold that the district court did not err in dismissing the complaint for lack of factual allegations suggesting a conspiracy, we decline to reach the immunity issues presented by this case.

3. Rule 27.26(j) of the Missouri Rules of Criminal Procedure provides that an appeal may be taken from an order sustaining or overruling a motion filed pursuant to the rule. No provision, however, is included for appealing a voluntary dismissal of a motion. Mo.R.Crim.P. 27.26(j).

ants correctly assert in their brief, "it is unquestionably clear that McClain can refile his 27.26 motion in Circuit Court" because his original motion was dismissed without prejudice. Brief for appellees Wyrick, Kitchen and Peach at 5. If McClain refiles his motion, we assume that the state court will address the merits of his claims.

The judgment of a district court, even if it is based on a possibly erroneous theory, must be sustained if it is correct on other grounds. *City of Grandview, Missouri v. Hudson*, 377 F.2d 694, 696 (8th Cir. 1967). Because McClain can secure the relief he seeks in his equity action, reinstatement of his Rule 27.26 motion, by simply going back to state court and refiling the motion, the district court did not err in dismissing his claim for equitable relief.[4]

Affirmed.

---

4. McClain's alternative request for equitable relief, a declaration that a habeas corpus action will lie, must be denied because he failed to exhaust available state remedies. At 871–872.