**Kenneth Norman SMITH and Michael David Manis, Appellants,**

v.

**Honorable Max E. BACON, Honorable John C. Crow, Assistant Public Defender James McNabb, and Public Defender, Circuit Court for the County of Greene, Springfield, Missouri, Appellees.**

No. 82–2256.

United States Court of Appeals, Eighth Circuit.

Feb. 10, 1983.

Kenneth Norman Smith, pro se.

Michael David Manis, pro se.

Theodore L. Johnson, III, John W. Housley, Springfield, Mo., for appellees Bacon and Crow.

Before HEANEY, ROSS and FAGG, Circuit Judges.

PER CURIAM.

Kenneth Norman Smith and Michael David Manis appeal from the district court's[1] denial of their motion to proceed *in forma pauperis* in a *pro se* 42 U.S.C. § 1983 action and dismissal of their suit pursuant to 28 U.S.C. § 1915(d). They allege that Missouri state officials conspired to deny them due process during their state post-conviction relief proceedings brought under Mo.R.Crim.P. 27.26. Named as defendants are Judges Crow and Bacon of the Circuit Court of Greene County, Missouri, and sev-

eral public defenders. Appellants seek injunctive relief and $1,000,000 in damages. The district court denied the motion because "even assuming all the plaintiffs' allegations to be true, it is dubious whether this Court could grant the relief which plaintiffs request." Although this assessment is correct in regard to the appellants' request for injunctive relief and their suit for damages against state court judges, it is not true with regard to their suit for damages against the public defender's office. We therefore reverse and remand to the district court with directions to allow plaintiffs to proceed with their suit for damages against the public defenders.

In their complaint and brief, appellants allege that they are prisoners confined in the Missouri State Penitentiary serving sentences imposed by the Circuit Court of Greene County, Missouri. Smith is serving a total of 35 years and Manis is serving a total of 63 years. Both appellants filed actions under Mo.R.Crim.P. 27.26 challenging their convictions and sentences. Because of the alleged delay in the state post-conviction action, appellants instituted a section 1983 action in federal district court. *McMillian, Manis, Smith v. Chief Judge, Circuit Court for the County of Greene,* No. 82–3159–CV–S–4 (W.D.Mo.1982). They claim that in retaliation for their section 1983 suit, the public defender's office conspired with the circuit court judges hearing their post-conviction claims to interfere with their Rule 27.26 petitions.

On September 14, 1982, appellants filed a second section 1983 action in federal court alleging a conspiracy to deprive them of their due process rights during their Rule 27.26 proceedings. In support of these conspiracy allegations, appellants mainly cite instances of attorney neglect. They contend that the public defenders did not prepare the case, did not disqualify a prejudicial judge, did not help the appellants obtain their legal papers from the penitentiary, and would not file amended motions or

1. The Honorable Russell G. Clark, Chief Judge for the United States District Court for the    Western District of Missouri.

appeals. In addition, both appellants allege their public defenders told them that all the circuit court judges "hated" them for filing the first section 1983 action.

The district court denied appellants' request for leave to proceed *in forma pauperis* and dismissed their suit on October 1, 1982. Appellants, on October 12, filed a "motion to vacate in the alternative for leave to appeal *in forma pauperis* from the order refusing relief *in forma pauperis.*" The district court denied the motion to vacate, but granted leave to appeal because the action did not appear to be brought in bad faith. 28 U.S.C. § 1915(a). This appeal followed.

The district court may dismiss an action pursuant to 28 U.S.C. § 1915(d) only if it is "frivolous or malicious." Under the liberal rules applicable to *pro se* prisoners, an action is not frivolous unless it appears "beyond a doubt that petitioner can prove no set of facts in support of his claim which would entitle him to relief." *Wilson v. Iowa,* 636 F.2d 1166, 1168 (8th Cir.1981). Although dismissal is within the sound discretion of the trial judge, it is well settled that where the requirements of section 1915(a) are satisfied on the face of the complaint, the better practice is for a district court to allow the action to be docketed. If dismissal appears appropriate, the court can always dismiss the action at a later stage. *Forester v. California Adult Authority,* 510 F.2d 58, 60 (8th Cir.1975) (and cases cited therein).

■ The district court here was undoubtedly correct in finding appellants could not succeed in an action for damages against Judges Crow and Bacon. A judge is absolutely immune from liability if (1) the judge had subject matter jurisdiction, and (2) the acts complained of were judicial acts. *White v. Bloom,* 621 F.2d 276, 279 (8th Cir.), *cert. denied,* 449 U.S. 1086, 101 S.Ct. 882, 66 L.Ed.2d 816 (1980); *see also Stump v. Sparkman,* 435 U.S. 349, 362, 98 S.Ct. 1099, 1107, 55 L.Ed.2d 331 (1978). Judges Crow and Bacon, who were presiding over the Rule 27.26 proceedings, clearly

were acting within the scope of their immunity.

■ Public defenders do not enjoy absolute immunity. *Ferri v. Ackerman,* 444 U.S. 193, 205, 100 S.Ct. 402, 409, 62 L.Ed.2d 355 (1979); *White v. Bloom, supra,* 621 F.2d at 280. The district court held, however, that public defenders cannot be held liable under section 1983 because they do not act "under color of state law." *Polk County v. Dodson,* 454 U.S. 312, 102 S.Ct. 445, 449, 70 L.Ed.2d 509 (1981). The district court's apparent holding that public defenders never act under color of state law, and hence cannot be sued under section 1983, is erroneous.

■ Appellants' complaint alleges a conspiracy between public defenders and state court judges. If such a conspiracy is adequately pleaded, the court appointed attorneys may be regarded as acting under color of state law. *White v. Bloom, supra,* 621 F.2d at 281; *see also Adickes v. S. Kress and Co.,* 398 U.S. 144, 152, 90 S.Ct. 1598, 1605, 26 L.Ed.2d 142 (1970). Judicial immunity does not cloak those who conspire with judges. *Dennis v. Sparks,* 449 U.S. 24, 28, 101 S.Ct. 183, 186, 66 L.Ed.2d 185 (1980). "Complaints will be sustained against private persons who conspire with immune public officials if the allegations of conspiracy are sufficiently specific." *White v. Bloom, supra,* 621 F.2d at 281, *quoting Sparkman v. McFarlin,* 601 F.2d 261, 262–69 (7th Cir.1979) (en banc) (Sprecher, J., concurring).

The question then is whether appellants' factual allegations are sufficient to sustain their conspiracy cause of action. The factual basis need not be extensive, but it must be enough to avoid a finding that the suit is frivolous. *See McClain v. Kitchen,* 659 F.2d 870, 872 (8th Cir.1981) (dismissal appropriate where complaint alleges absolutely no facts to support conspiracy claim). Appellants must at least allege that "the defendants had directed themselves toward an unconstitutional action by virtue of a mutual understanding," and provide some facts "suggesting such a 'meeting of the minds.'"

*White v. Walsh,* 649 F.2d 560, 561 (8th Cir.1981).[2]

Appellants' complaint, read expansively, alleges that their court-appointed attorneys ineffectively represented them because of an agreement with the state court judges. The key fact raising an inference of conspiracy is that appellants' attorneys told Smith and Manis that the judges "hated" them for filing the first section 1983 action. Appellants thus contend that the judges' wish to retaliate against them motivated the conspiracy. The attorneys allegedly carried out this purpose by undermining appellants' Rule 27.26 proceedings. According to Smith and Manis, their attorneys did not prepare for the hearings, refused to seek disqualification of the judges, and did not assist in filing an appeal. In addition, Smith's lawyer "appeared to be scared and would not aid or assist the plaintiff."

Although these allegations provide slender grounds to permit appellants to proceed *in forma pauperis,* we believe that they are barely sufficient. In *White v. Walsh, supra,* 649 F.2d at 561, this Court observed that it is a rare case in which the plaintiff will be able to provide direct evidence of a conspiratorial agreement. Moreover, appellants here are proceeding *pro se;* it is particularly difficult for such unrepresented prisoners to uncover concrete facts to support a conspiracy claim. Most importantly, the district court premised its dismissal of appellants' claims against their court-appointed counsel on its erroneous assumption that public defenders are never amenable to suit under section 1983. Thus, it never even considered whether the facts alleged by appellants were sufficient to sustain their conspiracy cause of action.

Accordingly, we reverse that part of the district court's judgment dismissing appellants' action against their court-appointed attorneys. The district court, however, remains free to dismiss appellants' action on a motion for summary judgment if they do not produce evidence to support the allegations contained in their complaint.

The district court did not err in dismissing the appellants' request for equitable relief.[3] The federal courts should not interfere in state criminal court proceedings when state and federal law provide adequate legal remedies and when intervention needlessly threatens the principle of comity. *Bonner v. Circuit Court of St. Louis,* 526 F.2d 1331, 1335 (8th Cir.1975), *cert. denied,* 424 U.S. 946, 96 S.Ct. 1418, 47 L.Ed.2d 353 (1976). Manis and Smith still have recourse to adequate legal remedies through a state declaratory judgment action, Mo.Sup.Ct.R. 87 *et seq.,* and through federal habeas corpus proceedings, 28 U.S.C. § 2254. Federal equitable intervention therefore is inappropriate. Moreover, the fundamental principle of comity restrains federal courts from issuing injunctions in state criminal proceedings, *Younger v. Harris,* 401 U.S. 37, 44, 91 S.Ct. 746, 750, 27 L.Ed.2d 669 (1971); *Kitchen v. Wyrick, supra,* 659 F.2d at 872; *Bonner v. Circuit Court of St. Louis, supra,* 526 F.2d at 1336. Although the appellants requested relief would not amount to the "ongoing federal audit of state court proceedings" foreseen in *Bonner,* the intrusion seems premature given the availability of federal habeas relief.

Finally, appellants assert that the district court should have read their claims as petitions for writs of habeas corpus and allowed them to proceed. It is true that *pro se* prisoner petitions must be read ex-

---

2. In *White v. Walsh,* 649 F.2d 560, 562 (8th Cir.1981), the Court found the complaint sufficiently specific to state a conspiracy claim when White alleged his lawyers refused his request to be present at jury selection; the judge allowed him to be removed from the courtroom and refused to alter the jury or appoint new counsel; and, as a result, an all white jury was selected in violation of White's constitutional rights.

3. Although neither this Court nor the Supreme Court appears to have explicitly held that judges are amenable to suits for injunctive relief, that appears to be the prevailing view. *See Supreme Court of Virginia v. Consumers Union,* 446 U.S. 719, 735, 100 S.Ct. 1967, 1976, 64 L.Ed.2d 641 (1979); *Bonner v. Circuit Court of St. Louis,* 526 F.2d 1331, 1334 (8th Cir.1975), *cert. denied,* 424 U.S. 946, 96 S.Ct. 1418, 47 L.Ed.2d 353 (1976).

pansively and examined "to determine if the allegations provide for relief on any possible theory," *White v. Bloom, supra,* 621 F.2d at 279, *quoting Bonner v. Circuit Court of St. Louis, supra,* 526 F.2d at 1334. Nonetheless, because appellants' claims were still pending in the state court at the time the federal court dismissed the action, the doctrine of exhaustion prevented the court from transforming the section 1983 claims into a petition for a writ of habeas corpus.[4]

Accordingly, the judgment is reversed in part and remanded to the district court with directions to allow appellants to proceed *in forma pauperis* in a damages action against their public defenders.

4. The district court issued its order dismissing the suit on October 12, 1982. Plaintiffs allege in their brief that the Missouri Supreme Court did not deny their petitions for writs of habeas corpus and mandamus until October 18, 1982.