**Richard STEWART, Plaintiff,**

v.

**Edward DEGHROONY and Nancy Marks, Defendants.**

**No. 83–246C (D).**

United States District Court, E.D. Missouri, E.D.

June 29, 1983.

Richard Stewart, pro se.

Thomas W. Wehrle, St. Louis County Counselor, Donald J. Weyerich, Sp. Asst. County Counselor, Clayton, Mo., for defendant Marks.

Michael J. McDonnell, St. Louis, Mo., for defendant Deghroony.

## MEMORANDUM

WANGELIN, District Judge.

This matter is before the Court upon separate motions of defendants Deghroony and Marks to dismiss plaintiff's complaint. Also before the Court is plaintiff's motion for leave to take depositions.

Plaintiff has brought this action pursuant to 42 U.S.C. § 1983 alleging that his civil rights were violated during the pendency of his post-conviction motion in the Circuit Court for St. Louis County. Plaintiff avers that defendant Deghroony, his appointed counsel, failed to properly represent him in the hearing on the motion, failed to inform the court of a conflict of interest with plaintiff, and colluded with defendant Marks to have plaintiff's action dismissed. While plaintiff's pro se complaint seeks relief only under § 1983, his allegations of a conspiracy must also be viewed in light of 42 U.S.C. § 1985 which prohibits a conspiracy to deprive an individual of his civil rights. *Bramlet v. Wilson,* 495 F.2d 714, 716 (8th Cir.1974).

As a state prosecutor representing the state in the post-conviction proceedings, defendant Marks enjoys absolute immunity from liability for the damages sought by plaintiff pursuant to § 1983. *Imbler v. Pachtman,* 424 U.S. 409, 427, 96 S.Ct. 984, 993, 47 L.Ed.2d 128 (1976); *McClain v. Kitchen,* 505 F.Supp. 862, 863 (E.D.Mo. 1981). Such immunity also extends to liability under § 1985. *White v. Bloom,* 621 F.2d 276, 280 (8th Cir.1980). Accordingly, plaintiff's complaint must be dismissed as to defendant Marks.

By contrast, plaintiff's claim against defendant Deghroony is not barred since a public defender employed by the state enjoys only qualified immunity for his actions. *McClain v. Kitchen,* 505 F.Supp. at 863. However, plaintiff's § 1983 claim is still deficient since it requires a showing that defendant was acting under color of state law. The Supreme Court has held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson,* 454 U.S. 312, 325, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981).

Finally, defendant Deghroony could be found to be liable under § 1985, assuming a prosecutor-defense attorney conspiracy has been adequately pled. However, the Court has carefully studied the complaint and found it to be devoid of any factual allegations which would support plaintiff's conclusion that a conspiracy existed. Consequently, dismissal for failure to state a claim is proper. *Ellingburg v. King,* 490 F.2d 1270, 1271 (8th Cir.1974).

In view of the Court's dismissal of the complaint, plaintiff's motion for leave to

take depositions is rendered moot and will therefore be denied.