**Gary McCAW, Appellant,**

v.

**Calvin WINTER and Honorable Judge Edward Hodge, Appellees.**

**No. 84–2065.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 11, 1984.

Decided Oct. 9, 1984.

Rehearing and Rehearing En Banc Denied Nov. 1, 1984.

Before HEANEY, McMILLIAN and JOHN R. GIBSON, Circuit Judges.

PER CURIAM.

Gary McCaw appeals from a final order entered in the District Court[1] for the Eastern District of Missouri denying his request for leave to proceed *in forma pauperis* and dismissing his *pro se* 42 U.S.C. § 1983 action as frivolous pursuant to 28 U.S.C. § 1915(d). For the reasons discussed below, we affirm the order of the district court pursuant to 8th Cir.R. 12(a) and deny appellant's motion for appointment of counsel on appeal.

Appellant was convicted by a jury in state court of drug and weapons charges

and was sentenced to consecutive terms of life imprisonment and five years imprisonment. The state appellate court reversed the convictions and remanded the case for new trial on the ground of improper jury selection. Appellant was later retried, was again found guilty and was sentenced to life imprisonment.

Appellant then filed this civil rights action in federal district court naming as defendants the state court judge who presided at the first trial and the clerk of the court. Appellant alleged that the judge and the clerk had deprived him of due process by improperly selecting and excusing prospective jurors. Improper jury selection in violation of state law was the basis for reversal of appellant's convictions and remand for new trial. The district court denied appellant's request for leave to proceed *in forma pauperis* and dismissed his civil rights claim as frivolous.

We think the district court acted correctly·in dismissing appellant's action as frivolous because it appears "beyond a doubt that [appellant] can prove no set of facts in support of his claim which would entitle him to relief." *Smith v. Bacon,* 699 F.2d 434, 436 (8th Cir.1983) (per curiam), *citing Wilson v. Iowa,* 636 F.2d 1166, 1168 (8th Cir.1981). The state court judge is absolutely immune from liability under these facts; the judge was presiding over a criminal trial and was clearly acting judicially. Similarly, the clerk of the court, in selecting and excusing the prospective jurors for appellant's first trial, was acting pursuant to the judge's directions and, under these narrow circumstances, is therefore absolutely immune. *See Tarter v. Hury,* 646 F.2d 1010, 1013 (5th Cir.1981) (state court clerk); *Williams v. Wood,* 612 F.2d 982, 984–85 (5th Cir.1980) (federal court clerk); *cf. McLallen v. Henderson,* 492 F.2d 1298, 1300 (8th Cir.1974) (state court reporter allegedly delayed preparation of trial transcript; held subject to good faith immunity).

1. The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern and Western Districts of Missouri.

Accordingly, the order of the district court is affirmed. The motion for appointment of counsel on appeal is denied.