813 F.2d 403
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Clarence SUTTON, Plaintiff-Appellant,
v.
John CALHOUN, Defendant-Appellee.
 No. 86-6673.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 11, 1986.
Decided Sept. 9, 1986.
 
 Before CHAPMAN and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 Clarence Sutton, appellant pro se.
 PER CURIAM:
 
 
 1
 Clarence Sutton, an inmate presently confined in the Maryland House of Corrections, appeals the order of the district court dismissing this action brought pursuant to 42 U.S.C. Sec. 1983. Sutton alleged in his complaint that defendant Calhoun, an attorney with the Maryland Public Defender's Office who represented him in his criminal case, conspired with the state court judge and the prosecutor to violate his constitutional rights. The complaint states in pertinent part the following:
 
 
 2
 Defendant-John Calhoun conspired with trial judge Robert I.H. Hammerman and prosecutor, Ilene Nathan together to violate the Plaintiff's civil and Constitutional rights to: equal protection, to be fully advised of all the elements necessary to constitute the offense intended to be punished, be safeguarded against cruel and unusual punishment, and guaranteed due process of law.
 
 
 3
 The defendant represented the Plaintiff in criminal case No. 48225111 in the Criminal Court For Baltimore City after Plaintiff had been arrested on August 13, 1982 on a warrant issued on August 12, 1982 for assault by stabbing, warrant No. 01-07-189664. The Defendant knowingly and intentionally refused to challenge the validity and legality of the warrant and charging document, wherein it was clear upon the face of the warrant that it failed to charge the Plaintiff with having committed an offense against any statute, authority, Article or section in contrary to Maryland law, but yet the Defendant made no attempt to do anything about the error and deprivation of Plaintiff's right to be protected against such violation. The Defendant made no attempt within the reason of common sense to examine the charging document that could have safeguarded the Plaintiff from being deprived of his civil and constitutional rights, thus, Defendant conspired with the trial judge and prosecution to violate the Plaintiff's rights.
 
 
 4
 The district court dismissed the complaint as frivolous, and Sutton noted this appeal.
 
 
 5
 As recognized by the district court, Sutton alleged no more than malpractice. Consequently, he fails to state a constitutional claim under the due process clause. See Daniels v. Williams, --- U.S. ---, 54 U.S.L.W. 4090 (Jan. 21, 1986); Hudson v. Palmer, 468 U.S. 517 (1984).
 
 
 6
 Furthermore, defendant Calhoun did not engage in conduct "under color of" state law for the purpose of a Sec. 1983 action. Although a public defender generally does not act "under color of" state law in exercising his function as a lawyer, an allegation that a public defender conspired with state officials to deprive an inmate of federal rights may state a claim under Sec. 1983, see Tower v. Glover, 467 U.S. 914 (1984), but it must be pleaded with sufficient specificity and factual support to suggest a "meeting of the minds." Smith v. Bacon, 699 F.2d 434, 436 (8th Cir.1983). In the present case, Sutton made a general allegation of conspiracy between defendant Calhoun, the state judge and the prosecutor without supporting facts. He made no particularized showing that a conspiracy existed, and as a result, he failed to make an adequate allegation of conduct "under color of" state law to support a Sec. 1983 action against Calhoun.
 
 
 7
 We accordingly affirm the district court's dismissal of the complaint. We dispense with oral argument because the dispositive issues have been decided authoritatively.
 
 
 8
 AFFIRMED.