826 F.2d 1060
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Donald Lee PRESLEY, Plaintiff-Appellant,
v.
Phillips GLYN; Linwood T. Wells; Thomas Bagwell; Frank
Kilgore; Frederick Harman; Jere Ernst,
Defendants-Appellees.
 No. 86-6668.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 30, 1987.
Decided Aug. 5, 1987.
 
 Donald Lee Presley, appellant pro se.
 Peter Messitt, Office of the Attorney General, for appellee Glyn.
 Michael A. Likavec, Office of the Attorney General, for appellees Wells and Bagwell.
 Frank Kilgore, appellee.
 William W. Eskridge, Penn, Stuart, Eskridge & Jones, for appellee Harman.
 Larry Benson Kirksey, Woodward, Miles & Flannagan, P.C., for appellee Ernst.
 Before RUSSELL, WIDENER and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Donald Lee Presley appeals the district court entry of summary judgment on his claims filed pursuant to 42 U.S.C. Sec. 1983. Presley alleges that the defendants conspired to deny him his constitutional rights in conjunction with his state habeas corpus proceedings.
 
 
 2
 Presley names as defendants: the Honorable Glyn R. Phillips; Virginia Assistant Attorneys General Thomas Bagwell and Linwood Wells; attorneys Frank Kilgore and Fred Harman; and court reporter Jeree Ernst.
 
 
 3
 As the district court noted, Judge Phillips is entitled to immunity in a suit for damages unless he acted in "the clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 357 (1978). The court correctly found Judge Phillips immune as he acted within his proper judicial capacity in handling the state habeas proceeding. Presley's request for injunctive relief, seeking to restrain Judge Phillips from conducting a hearing on February 11, 1986, is moot.
 
 
 4
 Defendants Bagwell and Wells were, at all times, acting as Assistant Attorneys General for the State of Virginia in Presley's habeas corpus proceeding. They too are entitled to absolute immunity. Imbler v. Pachtman, 424 U.S. 409 (1976). See Stewart v. Deghroony, 566 F.Supp. 1256, 1257 (E.D.Mo.1983); McClain v. Kitchen, 505 F.Supp. 862, 863 (E.D.Mo.), aff'd, 659 F.2d 870 (8th Cir.1981).
 
 
 5
 Defendants Kilgore and Harman were appointed by the court to represent Presley in his state habeas proceeding. Representation by court-appointed attorneys does not constitute state action for the purposes of a Sec. 1983 suit. Hall v. Quillen, 631 F.2d 1154 (4th Cir.1980), cert. denied, 454 U.S. 1141 (1982). Kilgore and Harman are therefore not liable.
 
 
 6
 Finally, Presley's claim against Ernst lacks merit. Our review of the record reveals no evidence which would support Presley's claim that Ernst negligently or deliberately failed to accurately record the proceedings in his criminal trial.
 
 
 7
 The record is devoid of any evidence supporting Presley's allegation of conspiracy to violate his constitutional rights. Because the dispositive issues have recently been decided authoritatively, we dispense with oral argument and affirm the judgment below.
 
 
 8
 AFFIRMED.