**Leonard ROGERS, Appellant,**

v.

**Neil J. BRUNTRAGER, Janet Fanetti, Brendan Ryan, Charles D. Kitchin, Philip Kramer, James L. Sanders, Henry Robertson, Appellees.**

**No. 87–2174.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 6, 1987.

Decided March 14, 1988.

**854**

Leonard Rogers, pro se.

Stuart R. Berkowitz, St. Louis, Mo., for appellees.

Before McMILLIAN, FAGG and BOWMAN, Circuit Judges.

McMILLIAN, Circuit Judge.

Leonard Rogers appeals *pro se* from a final order entered in the District Court[1] for the Eastern District of Missouri dismissing with prejudice his 42 U.S.C. § 1983 complaint against three state circuit judges, two assistant prosecutors, a public defender, and a deputy circuit clerk. *Rogers v. Bruntrager*, No. 87-646-C(4) (E.D.Mo. Aug. 14, 1987). For the reasons discussed below, we affirm the order of the district court.

This litigation has quite a procedural history. The historical facts are not in dispute. In early September 1982 Rogers was arrested by city police for burglary, a misdemeanor; he was subsequently released. The next day an assistant prosecutor filed a complaint against Rogers, charging him with stealing, a felony, and obtained an arrest warrant from a state associate circuit judge. The deputy circuit clerk issued the arrest warrant. Rogers was arrested pursuant to this warrant and was eventually tried and convicted of stealing. He was sentenced to ten years imprisonment as a persistent offender. His conviction was affirmed on appeal. *State v. Rogers*, 674 S.W.2d 608 (Mo.Ct.App.1984).

In 1983 Rogers filed his first *pro se* civil rights complaint against various state and local officials who were involved in the criminal proceeding—three state circuit judges, the prosecutor, the sheriff, the warden of the city jail, and his public defender. He alleged that the arrest warrant was illegal and that his sentence as a persistent offender was unlawful. Rogers claimed that because he was unlawfully prosecuted for the felony of stealing, he was unlawfully sentenced as a persistent offender. He sought compensatory and punitive damages and equitable relief. He was granted leave to proceed *in forma pauperis*, and the complaint was docketed and process was issued. The district court subsequently determined that the complaint was "legally frivolous," dismissed the action and directed that process not

1. The Honorable Clyde S. Cahill, United States District Judge for the Eastern District of Missouri.

issue. *Rogers v. Ryan,* No. N83–95C (E.D.Mo. Aug. 26, 1983) (Regan, J.).

Rogers promptly filed a second *pro se* civil rights complaint, which was substantially similar to the first complaint, against one of the assistant prosecutors who had been a defendant in the first complaint and another public defender. The district court held that claims against the assistant prosecutor were barred by prosecutorial immunity and that the complaint failed to allege state action against the public defender. The district court dismissed the complaint without prejudice, but denied Rogers leave to amend the complaint on the grounds that he had failed to assert any additional material facts in the motion to amend. This court summarily affirmed the order of the district court. *Rogers v. Bruntrager,* 580 F.Supp. 875 (E.D.Mo.) (Filippine, J.), *aff'd,* 738 F.2d 444 (8th Cir.), *cert. denied,* 469 U.S. 851, 105 S.Ct. 171, 83 L.Ed.2d 106 (1984).

Undaunted, Rogers filed a third *pro se* civil rights complaint against the same three state circuit judges, the same assistant prosecutors, one deputy circuit clerk, and the public defender who handled his state appeal. This third complaint was substantially similar to the first and second complaints. Understandably frustrated by Rogers's repetitious filing of essentially the same complaint, the district court dismissed the complaint with prejudice against all defendants on several grounds, including immunity, failure to state a claim, statute of limitations, and res judicata, and directed Rogers "not to refile this claim again as to any of these defendants." *Rogers v. Bruntrager,* No. 87–646–C(4), slip op. at 2–3 (E.D.Mo. Aug. 14, 1987) (Cahill, J.). This appeal followed.

The substance of this complaint, which is Rogers's third complaint, has already been reviewed and dismissed not once, but twice. Each complaint alleged substantially the same claims against essentially the same defendants, that is, the state and local officials who were involved in Rogers's state criminal trial and appeal. The first dismissal, which was based upon the finding that the complaint was "legally frivolous," was presumably a dismissal pursuant to 28 U.S. C. § 1915(d). Although dismissal on that ground may have been incorrect, given the very liberal standard of review applicable to *pro se* prisoner complaints, *see, e.g., Smith v. Bacon,* 699 F.2d 434, 436 (8th Cir.1983) (per curiam) (*pro se* prisoner complaint may be dismissed if "frivolous or malicious" pursuant to 28 U.S.C. § 1915(d)), the dismissal was not appealed and Rogers did not file an amended complaint.

The second complaint was dismissed expressly without prejudice, but leave to amend the complaint was denied. One could argue that this somewhat unusual combination of orders was in effect a disposition on the merits and thus subject to res judicata principles. *See* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1357, at 611–17 (1969) (dismissals under Fed.R.Civ.P. 12(b)(6)). However, under these circumstances, application of res judicata or claim preclusion principles would be somewhat problematical. *Id.* at 615 (noting that dismissal followed by invocation of res judicata may be "particularly harsh"; possible problems with adequate notice to the plaintiff; suggesting better practice to convert motion to dismiss into motion for summary judgment). Instead, we reach the merits of the appeal and discuss briefly the reasons why we think the district court correctly dismissed Rogers's third complaint with prejudice.[2]

---

2. This 42 U.S.C. § 1983 action is not barred by the applicable statute of limitations. The applicable state statute of limitations is five years. Mo.Ann.Stat. § 516.120(4) (Vernon 1952) (actions "for any other injury to the person or rights of another"); *see Wilson v. Garcia,* 471 U.S. 261, 276–79, 105 S.Ct. 1938, 1947–49, 85 L.Ed.2d 254 (1985) (statute of limitations for 42 U.S.C. § 1983 actions is the state statute of limitations for personal injury actions); *Farmer v.*

*Cook,* 782 F.2d 780, 780–81 (8th Cir.1986) (per curiam) (applying Mo.Ann.Stat. § 516.120(4) in 42 U.S.C. § 1983 action). Rogers's claims for unlawful arrest and unlawful imprisonment arose at the earliest on September 10, 1982, the date of his arrest for stealing, and the complaint was timely filed on April 10, 1987 (even without allowing for the periods of time the first and second complaints were pending in the district court).

■ The claims against the public defender were correctly dismissed for failure to state a claim upon which relief could be granted. Public defenders do not act "under color of state law" for purposes of 42 U.S.C. § 1983 when performing the traditional functions of defense counsel. *See Polk County v. Dodson*, 454 U.S. 312, 319–25, 102 S.Ct. 445, 450–53, 70 L.Ed.2d 509 (1981). To the extent that Rogers's complaint can be read to allege a conspiracy between the public defender and the other defendants, the public defender can be regarded as having acted under color of state law. *See, e.g., Smith v. Bacon*, 699 F.2d at 436. Rogers's bare allegation of conspiracy was minimally sufficient, but the complaint completely failed to allege any specific facts "suggesting such a 'meeting of the minds.'" *White v. Walsh*, 649 F.2d 560, 561–62 (8th Cir.1981); *see McClain v. Kitchen*, 659 F.2d 870, 872 (8th Cir.1981) (per curiam).

■ Next, the district court correctly dismissed the claims *for damages* against the three state circuit judges, the two assistant prosecutors and the deputy circuit clerk on the grounds of absolute immunity. Judges and prosecutors have absolute immunity from claims for damages for acts performed within their official authority. *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978) (judicial immunity from liability for damages); *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976) (prosecutorial immunity from liability for damages); *see, e.g., McCaw v. Winter*, 745 F.2d 533, 534 (8th Cir.1984) (per curiam) (state court judge); *Smith v. Bacon*, 699 F.2d at 436 (state court judges); *Tarter v. Hury*, 646 F.2d 1010, 1012–13 (5th Cir.1981) (state court judges and prosecutors). Clerks of court "have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's direction." *See, e.g.,*

*McCaw v. Winter*, 745 F.2d at 534; *Tarter v. Hury*, 646 F.2d at 1013. Here, all of the acts of the state circuit judges and the assistant prosecutors that Rogers alleged were unconstitutional were acts performed within the scope of their official authority. Similarly, the deputy circuit clerk issued the arrest warrant at the direction of the assistant circuit judge.

■ The district court properly dismissed Rogers's claims for equitable relief because federal equitable relief would have been inappropriate.[3] "The federal courts should not interfere in state criminal court proceedings when state and federal law provide adequate legal remedies and when intervention needlessly threatens the principle of comity." *Smith v. Bacon*, 699 F.2d at 437, *citing Bonner v. Circuit Court*, 526 F.2d 1331, 1335 (8th Cir.1975), *cert. denied*, 424 U.S. 946, 96 S.Ct. 1418, 47 L.Ed.2d 353 (1976); *see O'Shea v. Littleton*, 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974); *Tarter v. Hury*, 646 F.2d at 1013. From the record it appears that, at the time this complaint was filed, a post-conviction relief motion was pending in state court. Rogers can also file a petition for federal habeas relief. Because Rogers still has recourse to adequate legal remedies through state and federal habeas corpus proceedings, the granting of federal equitable relief would have been premature. *See Smith v. Bacon*, 699 F.2d at 437; *cf. Tartar v. Hury*, 646 F.2d at 1013 (injunction requiring nondiscretionary procedural safeguards held not to constitute federal interference with state criminal process).

Accordingly, the order of the district court is affirmed.

---

**3.** Prosecutors and clerks of court are not immune from claims for equitable relief. *See Supreme Court v. Consumers Union*, 446 U.S. 719, 736–38, 100 S.Ct. 1967, 1977–78, 64 L.Ed.2d 641 (1980) (prosecutors); *Tartar v. Hury*, 646 F.2d 1010, 1013 (5th Cir.1981) (clerks of court).

Judges are arguably subject to suit for equitable relief. *See Supreme Court v. Consumers Union*, 446 U.S. at 734–36, 100 S.Ct. at 1975–1977; *Smith v. Bacon*, 699 F.2d 434, 437 n. 3 (8th Cir.1983) (per curiam).