Jerome Morris BEY, Plaintiff,

v.

BRIDGETON POLICE DEPT.,
et al., Defendants.

No. 91–1060C(6).

United States District Court,
E.D. Missouri, E.D.

Oct. 28, 1991.

Jerome Morris Bey, pro se.

Lawrence Grebel, Michael Flavin, Brown & James, P.C., St. Louis, Mo., for K–Mart defendants.

Gary Wiseman, John D. Warner, Jr., Kortenhof & Ely, St. Louis, Mo., for defendants Bridgeton Police Dept., Kuykendall, Gibbons and Bartis.

## MEMORANDUM

GUNN, District Judge.

This matter is before the Court on two motions to dismiss the complaint for failure to state a claim. Plaintiff, a Missouri state prisoner, filed this action under 42 U.S.C. § 1983. He alleges that while at a K–Mart store in Bridgeton, Missouri, he was detained, questioned, searched and arrested by Bridgeton police officers who had been called by K–Mart employees. Plaintiff alleges that the officers threatened him and made derogatory remarks about him because he was a member of the Moorish Science Temple. He also alleges that the officers forced him to make an incriminating statement. Plaintiff asserts claims of false arrest, defamation, religious discrimination and conspiracy,[1] naming as defendants the Bridgeton Police Department,

---

**1.** Although plaintiff refers in his narration to "police brutality," he does not allege any physical injury, and does not assert such a violation of his fourth and fourteenth amendment rights as a separate claim.

three Bridgeton police officers and three K–Mart employees.[2] He seeks damages and release from prison.

In their motion to dismiss, the Bridgeton defendants state that plaintiff pleaded guilty to stealing and was sentenced to four years imprisonment as a result of the incident underlying the complaint. Plaintiff's false arrest claim is thereby defeated. *See Malady v. Crunk*, 902 F.2d 10 (8th Cir.1990) (arrestee's conviction for underlying offense is complete defense to civil rights claim that arrest was without probable cause). Plaintiff also fails to state a due process or equal protection claim based upon the officers' alleged threats, derogatory remarks and conduct in effecting the arrest. *See Burton v. Livingston*, 791 F.2d 97, 99 (8th Cir.1986) (generally threats, defamation and simple assault are not actionable under section 1983). The conspiracy claim against the Bridgeton defendants is not supported by sufficient facts, *see Smith v. Bacon*, 699 F.2d 434, 436 (8th Cir.1983) (per curiam) (allegations of conspiracy must be pleaded with sufficient specificity and factual support to suggest meeting of minds), and a violation of one's *Miranda* rights does not give rise to a section 1983 claim, *Warren v. City of Lincoln, Neb.*, 864 F.2d 1436, 1442 (8th Cir.), *cert. denied*, 490 U.S. 1091, 109 S.Ct. 2431, 104 L.Ed.2d 988 (1989). Accordingly, the Bridgeton defendants' motion to dismiss will be granted.[3]

The K–Mart defendants' motion to dismiss will also be granted. They are not state actors for purposes of section 1983, and the allegations of a conspiracy between them and the state police officers are not sufficient to state a claim. *See Smith v. Bacon*, 699 F.2d at 436.

---

**2.** Plaintiff also named a captain of the Bridgeton Police Department as a defendant, but voluntarily dismissed this party.

**3.** This dismissal is without prejudice to plaintiff's right to bring a habeas corpus action against his custodian based upon the alleged

violation of his *Miranda* rights. The Court also notes that new matters raised in plaintiff's response to the motions to dismiss, regarding monies available to him in prison and owed by him, are not properly before this Court.