972 F.2d 353
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Calvin ALLEN, Appellant,
v.
Edward MADIGAN, Secretary of the United States Department of
Agriculture; Sandra Moore, Administrative Law Judge and
Chairman of EEOC; David Argie, Argie Reporting Service;
Jackie Lee, Accurate Reporting Service; Betty Cox,
Southwind Investigation; Joseph O'Donnell, Southwind
Investigation, Appellees
 No. 91-3845WM.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 15, 1992.
Filed: July 30, 1992.
 
 Before FAGG, BOWMAN, and WOLLMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Calvin Allen appeals the district court's order dismissing his Title VII complaint, denying his motion for the district court's recusal, and denying his motion to proceed in forma pauperis. We affirm.
 
 
 2
 Allen brought this action asserting a number of claims arising from his employment and from his earlier unsuccessful Title VII action against the former Secretary of the United States Department of Agriculture. Having carefully reviewed the record, we conclude each of Allen's claims lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Allen's claims against Edward Madigan are barred by res judicata because the decision in his first Title VII lawsuit was entered by a court of competent jurisdiction, the grant of summary judgment against Allen was on the merits, and Allen asserted the same causes of action in that lawsuit against a party in privity with Madigan. See Lane v. Peterson, 899 F.2d 737, 742 (8th Cir.), cert. denied, 111 S. Ct. 74 (1990).
 
 
 3
 Allen's claims against Judge Moore fail because Allen has asserted no facts indicating Judge Moore acted outside her judicial capacity. Administrative law judges enjoy absolute immunity for acts within their judicial capacity. Butz v. Economou, 438 U.S. 478, 514 (1978). Thus, the district court properly dismissed Allen's claims against Judge Moore.
 
 
 4
 Allen has failed to assert sufficient facts supporting his claim that the remaining defendants conspired against him in violation of 42 U.S.C. § 1985. Allen has asserted no facts showing the defendants came to a "meeting of the minds" sufficient to state a claim under section 1985. The district court properly dismissed Allen's claims against these defendants. See Rogers v. Bruntrager, 841 F.2d 853, 856 (8th Cir. 1988).
 
 
 5
 Finally, having reviewed the record, we are satisfied the district court did not abuse its discretion in denying Allen's motion for the district court's recusal. See United States v. Faul, 748 F.2d 1204, 1210-11 (8th Cir. 1984), cert. denied, 472 U.S. 1027 (1985).
 
 
 6
 Accordingly, we affirm. See 8th Cir. R. 47B.