# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-4220
_____

Lamont Williamson

*Plaintiff - Appellant*

v.

Missouri Department of Corrections; Mike Kemna; Daniel Tolle; Daniel Green; Officer Rose; Pettigrew, Sergeant; Nurse Jared Hughes; Nurse Meggin; CO 1 Bubble Officer; C.O. Batson; George Lombardi; William Rose; Steven Filley, Officer; S. Johnson, R.N.

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Western District of Missouri - St. Joseph
_____

Submitted: September 28, 2018
Filed: October 26, 2018
[Unpublished]
_____

Before WOLLMAN, BOWMAN, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

Missouri Department of Corrections inmate Lamont Williamson appeals the judgment the district court[1] entered following a bench trial, dismissing his 42 U.S.C. § 1983 action against defendants Daniel Tolle and William Rose.[2]

Upon review, we first conclude that Williamson waived his claim that the defendants violated the discovery rules, because he failed to make the requisite good-faith attempt to resolve the discovery dispute before filing his untimely motions to compel and for sanctions, see Fed. R. Civ. P. 37(a)(1) (party who moves for order compelling disclosure or discovery must include certification that he has in good faith conferred or attempted to confer with party failing to make disclosure or discovery); and that no violation of Brady v. Maryland, 373 U.S. 83, 84-87 (1963) occurred, see id. (prosecutor's suppression of evidence favorable to accused violates due process where evidence is material to guilt or punishment); Fox v. Elk Run Coal Co., Inc., 739 F.3d 131, 138-39 (4th Cir. 2014) (Brady rarely is applicable in civil proceedings, and then only where potential consequences are same or greater than those in most criminal convictions). Williamson's claim that the defendants failed to comply with a court order is moot, as the record reveals that Williamson received his legal file and supplies and suffered no harm by their delayed delivery.

We next find that the record refutes Williamson's contention that the district court was biased against him in this matter as, inter alia, the court often ruled in his favor; the record also refutes his claim that the district court failed to note his objection to photographs offered by the defendants, as the transcript clearly shows that Williamson did not object, and that he actually used some of the photographs during cross-examinations. Cf. Liteky v. United States, 510 U.S. 540, 550-52 (1994)

---

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

[2]All of the remaining listed defendants were dismissed at various times prior to the bench trial, and are not parties to this appeal.

(favorable or unfavorable predisposition can be characterized as bias or prejudice if it is so extreme as to display clear inability to render fair judgment). Further, we conclude that the district court did not abuse its discretion when it denied Williamson's requests for appointed counsel, or when it struck witnesses he had not timely disclosed and subpoenaed for trial. See Chambers v. Pennycock, 641 F.3d 898, 909 (8th Cir. 2011) (denial of indigent plaintiff's request for appointed counsel in § 1983 action was not abuse of discretion; district court reasonably determined appointed counsel was unnecessary in view of relatively straightforward questions of fact court found dispositive under prevailing law); Life Plus Intern. v. Brown, 317 F.3d 799, 803 (8th Cir. 2003) (court reviews district court's decisions concerning its management of discovery process for abuse of discretion). The district court had no duty to advise Williamson about tasks normally properly performed by counsel, and instructing him about how to win his case would have undermined its role as a neutral decisionmaker. See Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants.").

Finally, Williamson's conclusory allegations of "obstruction" and "cover-up" are insufficient to state a conspiracy claim. See Smith v. Bacon, 699 F.2d 434, 436-37 (8th Cir. 1983) (conspiracy must be pleaded with specificity). To the extent that his claims can be construed as challenging the judgment against him, this Court concludes that the district court did not clearly err in its findings of fact--including that Williamson was the inmate shown in the defendants' videotaped recording, and that he was the aggressor in the incident forming the basis of his complaint--and that it correctly found that he failed to prove his claims of excessive force and deliberate indifference. See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976) (deliberate indifference may be manifested by prison officials who intentionally deny or delay access to medical care); Jackson v. Gutzmer, 866 F.3d 969, 974 (8th Cir. 2017) (excessive-force inquiry); N. Am. Van Lines, Inc. v. Brown, 248 F.2d 905, 914 (8th

-3-

Cir. 1957) (standard of review in court-tried case).  The judgment is affirmed.[3]  <u>See</u> 8th Cir. R. 47B.

––––––––––––––––––––––––––––––

[3]Williamson's "Motion to File Brief Attached to Previously Filed Motion to Reopen" (8th Cir. Docket 10/06/17) is granted.  His numerous other post-appeal filings are denied, as either moot, or meritless.