In re Andreas PANTELI, Plaintiff,

v.

NEW YORK STATE HIGHER EDUCATION SERVICES CORPORATION, Defendant.

Bankruptcy No. 84 B 20069.
No. 84 Adv. 6026.

United States Bankruptcy Court, S.D. New York.

Sept. 12, 1984.

Andreas Panteli, debtor, pro se.

Barbara C. North, Albany, N.Y., for defendant New York State Higher Educ. Services Corp.

value of such property, unless such property is of inconsequential value or benefit to the estate.

11 U.S.C. § 542(a).

DECISION ON APPLICATION FOR DISCHARGE OF STUDENT LOAN

HOWARD SCHWARTZBERG, United States Bankruptcy Judge.

The debtor, Andreas Panteli, seeks a determination that his student loans are dischargeable because repayment will impose an undue hardship in accordance with the standards prescribed under 11 U.S.C. § 523(a)(8).

## FINDINGS OF FACT

1. The debtor filed his voluntary petition for relief under Chapter 7 of the Bankruptcy Reform Act of 1978 on February 24, 1984.

2. The debtor, who is now 28 years of age, is married and has no children. Between 1980 and 1983 he obtained the sum of $14,917.00 in student loans from Citibank which he was obliged to repay with interest beginning 9 months after he left school.

3. The defendant, New York State Higher Education Services Corporation (NYSHESC), an agency of New York State, guaranteed the loans under applicable provisions of state and federal laws and is the proper party to collect payment from the debtor and defend this adversary proceeding.

4. The debtor received a B.S. degree from Baruch College in February 1982 and an M.B.A. degree from Pace University, with a specialization in finance, in May, 1983.

5. When the debtor filed his Chapter 7 petition on February 24, 1984, the 9-month grace period following graduation from school which would have triggered the commencement of the repayment installments, had not yet expired.

6. The debtor is presently employed at Gucci Shops, Inc. at a salary of approximately $220 per week. He spends about $400 per month for food, $50 per month for telephone expenses, $120 per month for other utilities and $300 per month for rent. The deficiency in living expenses is apparently made up by his wife, who he said works at a part-time job. However, he testified that his wife is presently unemployed. This discrepancy is further blurred by the fact that the debtor alleges in his complaint that he is separated from his wife and does not depend on her income.

7. The debtor has sought employment from firms where his M.B.A. degree in finance would come into play and where he might earn a salary commensurate with his education, but without success.

8. The debtor is in good health but is not optimistic about obtaining employment in his field of study.

9. Although the debtor presently has no prospects of obtaining employment in the advanced area of business finance for which he was trained, there was no evidence that he will not be able to find such employment in the future.

10. The debtor has presented no evidence that he will never be in a position to repay his student loans within the five year period following the commencement of the first repayment period referred to in Code § 523(a)(8)(A).

11. The debtor conceded that his purpose in filing the bankruptcy petition was to discharge the student loans.

12. The debtor has not established any unique and extraordinary circumstances evidencing more than a present inability to repay the student loans so as to be entitled to a hardship discharge.

## DISCUSSION

The mere fact that the debtor is presently under-employed in a marginal job outside his chosen field of study does not mean that he will never be able to attain the type of employment that will enable him to commence repayment of his student loans. He is a young man with no physical or mental disabilities which would interfere with employment possibilities. However, he has chosen to file bankruptcy to wipe out NYSHESC, even before the termination of the 9-month grace period following his receipt of his M.B.A. degree in finance

because his current salary is not sufficient to satisfy the repayment installments called for under his student loan obligation to NYSHESC.

Pursuant to 11 U.S.C. § 523(a)(8)(B) [1] a student loan that becomes due within five years after the repayment installments commence is not dischargeable unless repayment "will impose an undue hardship on the debtor and the debtor's dependents . . . ." The debtor has the burden of proving that repayment would constitute an undue hardship. *In re Reid*, 39 B.R. 24, 26 (Bkrtcy.E.D.Tenn.1984); *In re Holzer*, 33 B.R. 627, 630 (Bkrtcy.S.D.N.Y. 1983); *In re Lezer*, 21 B.R. 783, 787–88 (Bkrtcy.N.D.N.Y.1982). As stated in *In re Briscoe*, 16 B.R. 128, 131 (Bkrtcy.S.D.N.Y. 1981), "the dischargeability of student loans should be based upon the certainty of hopelessness, not simply a present inability to fulfill financial commitment."

The debtor has not demonstrated that there exist any unique and extraordinary circumstances, other than present inability to pay, that would constitute an undue hardship within the meaning of Code § 523(a)(8)(B) so as to discharge the debtor's student loans. The debtor's situation is not unlike the debtor's plight in *In re Holzer*, where Judge Berk rejected an argument based upon a present inability to repay a student loan and found that undue hardship had not been established, stating:

> In the instant case, it is implausible that plaintiff, a highly educated individual with no physical or mental infirmity cannot obtain *any* gainful employment whatsoever, albeit such employment may be in fields for which he has received no formal training. Accordingly, this Court cannot accept plaintiff's contention that he will never be in a position to repay his student loan indebtedness. If plaintiff wishes to limit his employment search

solely to those fields for which he received formal training, he has made an irresponsible decision so to limit himself and, accordingly, any resulting hardship is of his own making, self-imposed, and does not constitute "undue hardship" within the meaning of Code § 523(a)(8)(B). Such a situation does not evidence a "certainty of hopelessness" required for the discharge of student loans under § 523(a)(8)(B). *In re Briscoe*, 16 B.R. 128, 131, Bankr.L.Rep. (CCH) ¶ 68,483 at 80,157 (Bkrtcy.S.D.N.Y.1981). At most, plaintiff has demonstrated a present inability to repay.

33 B.R. at 632.

Accordingly, the debtor has not met his burden of proving that repayment of his student loans will constitute an *undue* hardship so as to result in their discharge under Code § 523(a)(8)(B).

### CONCLUSIONS OF LAW

1. The debtor has not met his burden of proving that his obligation to repay his student loans will impose an undue hardship on him within the meaning of 11 U.S.C. § 523(a)(8)(B).

2. The debtor is not entitled to a hardship discharge. Hence, his complaint is dismissed.

SUBMIT ORDER on notice.

---

1. § 523. Exceptions to discharge.

    (a) A discharge under section 727, 1141 or 1328(b) of this title does not discharge an individual debtor from any debt—

    (8) for an educational loan made, insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or a non-profit institution of higher education, unless—

    ·    ·    ·    ·    ·

    (B) excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents.