777 F.2d 1305
 David W. CHILDS, Appellant,
v.
W.W. REYNOLDSON, Harvey Uhlenhopp; David Harris; Mark
McCormick; Arthur McGiverin; Jerry Larson; Louis Schultz;
James Carter; Charles Wolle; James Millhone; Joe Carlin;
John Wharton; Thomas Walter; James Bristo; Joy Rohm,
Mary Autenrieth; Greg Lederer; David Mason; Elliott
McDonald; Lawrence Van Werden; David Hirsch; Henry
Hirsch; Thomas Hobart; William Kurth; Patricia Schoff;
Tom Bice; William Clark; Larry Cohrt; Richard Crandall;
Vicki Danley; William Falk; Timothy Finn; John French;
Donald Gloe; Darrell Goodhue; J.R. Gray; Edward Harvey;
Robert Hutchison; Walter Johnson; Frank Johnston; Paul
Jones; Richard Jordan; Michael Joynt; Arnold Kenyon; Sue
Seitz; John Sens; Joe Swanson; Loren Veldhuizen; William
Wimmer, Appellees.
 Nos. 85-1663, 85-1686.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Oct. 4, 1985.
Decided Nov. 12, 1985.
 
 David W. Childs, Omaha, Neb., pro se.
 John R. Perkins, Asst. Atty. Gen., Des Moines, Iowa, for appellees.
 Before ROSS, McMILLIAN, and FAGG, Circuit Judges.
 PER CURIAM.
 
 
 1
 David W. Childs appeals from the district court's order dismissing his diversity action for damages against members of the Iowa Supreme Court and members of the Iowa Board of Law Examiners (collectively Appellees). We affirm.
 
 
 2
 Childs, a Nebraska resident, has failed the Iowa bar examination twice. Childs brought this action against Appellees asserting that their wrongful conduct prevented him from passing the examination and becoming licensed as an attorney in Iowa. Appellees moved to dismiss the action on the grounds that they were entitled to absolute judicial and quasi-judicial immunity. The district court agreed and granted their motion to dismiss.
 
 
 3
 "A judge is absolutely immune from liability if (1) the judge had subject matter jurisdiction, and (2) the acts complained of were judicial acts." Smith v. Bacon, 699 F.2d 434, 436 (8th Cir.1983); see also Stump v. Sparkman, 435 U.S. 349, 362, 98 S.Ct. 1099, 1107, 55 L.Ed.2d 331 (1978) (a judge's action is judicial if it is an action normally performed by a judge and if the parties dealt with the judge in his judicial capacity).
 
 
 4
 In Iowa "[t]he power to admit persons to practice as attorneys and counselors in the courts of [Iowa] * * * is vested exclusively in the supreme court which shall adopt and promulgate rules to carry out the intent and purpose of this chapter." Iowa Code Sec. 602.10101. Therefore, when the Iowa Supreme Court "exercis[es] its judgment on an individual petition, [it] performs a judicial act." Brown v. Board of Bar Examiners of Nevada, 623 F.2d 605, 610 (9th Cir.1980) (citing In re Summers, 325 U.S. 561, 65 S.Ct. 1307, 89 L.Ed. 1795 (1945)); see also Powell v. Nigro, 601 F.Supp. 144, 148 (D.D.C.1985) ("It is well settled that acts of a state's highest court in deciding matters pertaining to the bar are judicial acts."). We agree with the district court that the actions taken by the Iowa Supreme Court Justices in denying Childs' admission to practice law in Iowa are judicial acts within their subject matter jurisdiction and that the justices are entitled to absolute judicial immunity.
 
 
 5
 We also agree with the district court's reasoning that the members of the Iowa Board of Law Examiners "acted as an arm of or surrogate for the Supreme Court of Iowa," and that they are entitled to absolute quasi-judicial immunity. Childs v. Reynoldson, No. 84-887-E, slip op. at 6 (S.D.Iowa, May 7, 1985); see, e.g., Richardson v. McFadden, 563 F.2d 1130, 1132 (4th Cir.1977) (Hall, J., concurring) (persons who administer bar examinations and judge the fitness of applicants to practice law perform a judicial function), cert. denied, 435 U.S. 968, 98 S.Ct. 1606, 56 L.Ed.2d 59 (1978); Powell, 601 F.Supp. at 148 (same); Levanti v. Tippen, 585 F.Supp. 499, 504 (S.D.Cal.1984) (same); see also Simons v. Bellinger, 643 F.2d 774, 779-81 (D.C.Cir.1980) (absolute immunity for members of committee investigating the unauthorized practice of law).
 
 
 6
 Affirmed.