**In the Matter of David CHILDS, Debtor.**

**David CHILDS, Plaintiff,**

v.

**HIGHER EDUCATION ASSISTANCE FOUNDATION, Defendant.**

**Bankruptcy No. BK86–3612.**
**Adv. No. 86–107.**

United States Bankruptcy Court, D. Nebraska.

Aug. 30, 1988.

David W. Childs, Omaha, Neb., pro se.

Terrence L. Michael, Carol Knoepfler, Omaha, Neb., for Higher Educ. Assistance Foundation.

## MEMORANDUM OPINION

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

THIS MATTER comes before the court on debtor's complaint to determine the dischargeability of student loans under 11 U.S.C. § 523(a)(8) on the grounds that repayment of the student loans would impose an undue hardship. The sole issue is whether repayment of the student loans would impose an undue hardship on the debtor.

### FINDINGS OF FACT

Debtor, David Childs, earned a law degree from the University of Nebraska College of Law in December of 1983. He is currently an inactive member of the Nebraska State Bar Association. Debtor funded his legal studies with a series of student loans from 1981 to 1983, totaling approximately $17,186.88. Repayment was

to commence on October 1, 1984 at $173.55 per month for 120 months. Debtor is in default on these loans.

Before debtor enrolled in law school he had 2–2½ years experience as a bookkeeper, was Mayor of Shenandoah, Iowa and started a business. As a result of the failure of the business, he accrued a debt of $24,000.00 to the Small Business Administration and owes $7,000.00 to the Veteran's Administration on a home loan. Debtor's total debt is approximately $56,000.00. The student loans constitute about 30% of this total debt.

Since he graduated from law school, Mr. Childs has passed the Nebraska Bar Examination, but has been unable to find steady full-time employment as an attorney. He has been unsuccessful in efforts to establish a legal practice. Mr. Childs is presently employed in a part-time capacity with the postal service. It could be several years before a permanent full-time position is available with the postal service.

Although debtor is living in Omaha and is qualified to practice law in Nebraska, he considers himself an Iowan and he wants to practice law in Iowa. However, he has failed to pass the Iowa Bar Examination twice. He appealed to the Committee of Law Examiners to review his exam. It did so, but did not allow a passing grade. Mr. Childs sued the Iowa Committee of Law Examiners and the Iowa Supreme Court in federal district court, which suit was dismissed by the district court and affirmed by the circuit court on the basis of absolute judicial and quasi-judicial immunity. *Childs v. Reynoldson*, 777 F.2d 1305 (8th Cir.1985).

Debtor is married and has three dependent children, one in college, one in high school and a two year old. His wife is a school teacher with a Masters degree in special education and nineteen years of experience in teaching. She has been teaching reading to elementary age children with special educational needs. Her teaching contract for 1988–89 was not renewed and at the time of trial she did not have another position. For 1987, she earned approximately $1,200.00 per month according to debtor's schedules. At the hearing, however, debtor testified that she earned approximately $1,400.00 per month. Mrs. Childs maintains a separate checking account and charge accounts in her name and is not a party in this bankruptcy proceeding. She presently has debts in excess of $11,000.00.

At trial, debtor did not present any evidence of the family's monthly living expenses nor did he make a complete account of income available to the family for support. Instead, he requested that the court take judicial notice of the schedules filed in the bankruptcy proceeding. On these schedules, debtor listed joint monthly expenditures for himself and his wife and family of $1,590.00. Debtor listed an additional expense of $150.00 per month for himself and $400.00 per month for his wife. Total monthly expenses, including the joint expenses and the individual expenses is thus $2,140.00 per month. Debtor testified that his wife's income is $1,400.00 per month. The bankruptcy schedules report his wife's income at $1,200.00 per month and his income at $700.00 per month. The total monthly income of the debtor and his wife is thus between $1,900.00 and $2,100.00 per month. This is not sufficient to pay the monthly expenses reported on the schedules as $2,140.00.

## DISCUSSION

The burden of proving debtor is entitled to a discharge on the basis of undue hardship rests on the debtor. *In re Price*, 25 B.R. 256 (Bkrtcy.W.D.Mo.1982); *In re Erickson*, 52 B.R. 154 (Bkrtcy.D.N.D.1985). "The debtor must prove more than mere financial hardship or present financial adversity, [ ]he must show something akin to a certainty that future payments on the debts cannot be made." *Price* at 258. The court in *In re Johnson*, 5 B.C.D. 532 (Bkrtcy.E.D.Pa.1979), formulated an extensive test for determining dischargeability of student loans on the basis of undue hardship. However, each case must be analyzed according to the specific circumstances within the case. *See In re Springer*, 54 B.R. 910 (Bkrtcy.D.Neb.1985). The

determination of whether repayment would create an undue hardship is inherently a question of fact to be determined by the court after due consideration of the evidence.

■ Debtor's income, excluding the income of his wife, is not sufficient to pay for his student loans and his personal and family expenses. The income of his spouse is of limited relevance. She pays for certain personal and family expenses, which reduces the need for the debtor to contribute towards the payment of those expenses. The present aggregate income of the debtor and his spouse is not sufficient to pay the expenses reported on their schedules.

However, the debtor is well educated and is qualified to practice law. The court is not convinced that the debtor's position is hopeless or that his financial hardship will extend into the foreseeable future.

> [T]he dischargeability of student loans should be based upon the certainty of hopelessness, not simply a present inability to fulfill financial commitment.... [T]he mere fact that a debtor is presently underemployed in a marginal job outside his chosen field does not mean he will never be able to obtain the type of employment which will permit repayment of student loans.

*Erickson* at 158, (citing to *In re Briscoe,* 16 B.R. 128, 131 (Bkrtcy.S.D.N.Y.1981) and *Panteli v. New York State Higher Education Services Corp.,* 41 B.R. 856 (Bkrtcy. S.D.N.Y.1984)).

By virtue of his legal education and his passing the Nebraska Bar Examination, Mr. Childs is qualified to practice law. If he does not want to practice law, his legal education will serve him well in many fields. The range of professional opportunities that are potentially open to Mr. Childs are diverse and multitudinous. His earning potential is substantial. Mr. Childs has not convinced the court that he will never be able to repay these loans. Therefore, the court finds that the debtor's student loans are not dischargeable under 11 U.S.C. § 523(a)(8)(B).

After considering all the facts and circumstances of this case, the court concludes that it would not constitute an undue hardship for Mr. Childs to repay his student loans.

A separate order will be entered consistent herewith.