In re Billy Larry COATES, SSN: 424–54–9779, Debtor.

Billy Larry COATES, Movant,

v.

PEACHTREE APARTMENTS and Billy Weary, Marshal, Respondents.

Bankruptcy No. 89–41088–COL.

United States Bankruptcy Court, M.D. Georgia, Columbus Division.

Nov. 17, 1989.

Brace W. Luquire, Columbus, Ga., for debtor.

William S. Cain, Jr., Columbus, Ga., for Peachtree Apts.

Michael P. Cielinski, Columbus, Ga., for respondent Billy Weary, Marshal.

Camille Hope, Macon, Ga., Chapter 13 Trustee.

MEMORANDUM OPINION

JOHN T. LANEY, III, Bankruptcy Judge.

On September 15, 1989, an expedited hearing was held on the Debtor's Motion for Contempt against Peachtree Apartments and Billy Weary, Marshal, Municipal Court of Columbus. At this hearing, the court found both Respondents in violation of the automatic stay. The court further found that the dispossessory executed against the Debtor on September 14, 1989, was executed after the bankruptcy case was filed, and was therefore void [1] as being in violation of the automatic stay. The court scheduled a further hearing on the issue of whether or not the actions of any Respondent were contemptuous and, if so, what, if any, damages should be awarded against either or both of the Respondents.

A further hearing was held on October 5, 1989, at which time the court received evidence and heard argument of counsel. At the conclusion of the hearing, the court invited all parties to submit briefs to the court on the issue of judicial immunity and the issue of willfulness with regard to actions in violation of the automatic stay. Both Respondents submitted briefs to the court. No response was filed by the Debtor. This court, having considered the arguments and briefs of counsel, now renders this MEMORANDUM OPINION.

The Debtor filed his Chapter 13 bankruptcy petition on September 14, 1989, at 2:19 P.M. Peachtree Apartments [2] had instituted dispossessory proceedings against the Debtor before the bankruptcy petition was filed. Barbara Walsh, an employee of Peachtree Apartments, testified that she received informal notice of the bankruptcy petition at about 3:10 P.M. She called the Marshal's Office [3] and was informed that Judge Haywood Turner of the Municipal Court of Columbus had authorized the Marshal's Office to proceed with the dispossessory action. The Debtor was evicted from the Peachtree Apartments at approximately 3:15 P.M. The Debtor's personal property was placed in the apartment complex's

---

1. *Borg–Warner Acceptance Corp. v. Hall,* 685 F.2d 1306 (11th Cir.1982). (Actions taken in violation of automatic stay are void and without effect.)

2. Peachtree Apartments has filed for reorganization under Chapter 11 of the Bankruptcy Court in the Northern District of Georgia in the Atlanta Division.

3. Billy Weary talked with Judge Haywood Turner of the Municipal Court of Columbus and was instructed in writing to carry out the dispossessory writ in spite of the bankruptcy filing.

parking lot. The parties have stipulated that a representative of the Peachtree Apartments did check on the Debtor's property on several occasions during the evening of September 14, 1989. The Debtor and his personal property that was still in the lot were returned to his apartment on September 15, 1989 after the court ruled that the dispossessory was void. The Debtor testified that his damages were as follows:

| | | |
|---|---|---|
| (1) | The loss of 16 hours of work at $6.12 per hour— | $   97.92 |
| (2) | Cost of Motel lodging for one night— | $   29.00 |
| (3) | Loss of personal property valued at— | $1,680.00 |
| (4) | Attorney fees for 7 hours at $75.00 per hour [4]— | $  525.00 |
| | TOTAL DAMAGES: | $2,331.92. |

■ Respondent Marshal Billy Weary contends that the immunity doctrine bars an award of damages against the Marshal. Marshal Weary cited to the court the case of *Pierson v. Ray*, 352 F.2d 213 (5th Cir. 1965). In *Pierson*, the Fifth Circuit stated that "[t]he doctrine of immunity which has long prevailed with respect to judicial officers, has been extended to the officers of government whose duties are related to the judicial process." *Id.* at 217 (citing *Barr v. Matteo*, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959).

The Debtor has cited no authority to the contrary and this court is bound by former decisions of the Fifth Circuit prior to October 1, 1981.[5] This court therefore finds that Marshal Billy Weary in carrying out the order of the Municipal Court of Columbus, Georgia, is protected by the doctrine of judicial immunity for the violation of the automatic stay.

Peachtree Apartments has cited to the court the case of *Matter of Coastal Group*, 100 B.R. 177 (Bankr.D.Del.1989) where the court stated that if there was a "scintilla of suggestion" in case law supporting the actions of the defendants, it was not a willful violation of the automatic stay. Peachtree Apartments relies on the case of *In re*

*Cohoes Industrial Terminal, Inc.*, 70 B.R. 214 (S.D.N.Y.1987). This case stands for the proposition that a state court order which extinguishes the tenant's right to possession terminated the landlord/tenant relationship even though the tenant continued in unauthorized possession of the premises. The court further held that the automatic stay did not enjoin the landlord from recovering possession of the premises. Peachtree Apartments further cites to the court the cases of *In re Lady Liberty Tavern Corp.*, 94 B.R. 812 (S.D.N.Y.1988) and *In re R.H. Neil, Inc.*, 58 B.R. 969 (Bankr.S.D.N.Y.1986) for the proposition that a landlord who seeks to enforce its rights under the lease in default thereof is not concerned with relief from the automatic stay because the tenant is not regarded as having any equity in the premises.

■ Peachtree Apartments' reliance on the above cases is misplaced as these cases involve non-residential leases. Section 362(b)(10) of the Bankruptcy Code provides in pertinent part as follows:

(b) The filing of a petition under section 301, 302, or 303 of this title, or of an application under section 5(a)(3) of the Securities Investor Protection Act of 1970 (15 U.S.C. 78eee(a)(3)), does not operate as a stay—

(10) under subsection (a) of this section, of any act by a lessor to the debtor under a lease of nonresidential real property that has terminated by the expiration of the stated term of the lease before the commencement of or during a case under this title to obtain possession of such property; or . . . .

*11 U.S.C.A. § 362(b)(10)* (West Supp.1989). In the instant case, the Debtor is a tenant with a residential lease. Clearly § 362(b)(10) [6] provides an exception to the automatic stay for nonresidential leases, but no such exception exists for tenants with residential leases.

■ The Debtor cites to the court the case of *Matter of Schewe*, 94 B.R. 938

---

**4.** The Debtor's attorney Brace W. Luquire testified that he had spent approximately 7 hours at $75.00 per hour in regard to the Motion for Contempt and hearings.

**5.** Fifth Circuit cases decided prior to October 1, 1981, are binding precedent in the Eleventh Circuit, *See Bonner v. Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc).

**6.** 11 U.S.C.A. § 362(b)(10) (West Supp.1989).

(Bankr.W.D.Mich.1989) which stands for the proposition that even a month-to-month tenancy at will is property of the estate which debtor's landlord cannot terminate until the landlord obtains relief from the automatic stay. This court agrees with the analysis of the *Schewe* court.

■ As to the issue of a willful violation of the automatic stay, this court relies on the court's analysis in the case of *In re Aponte*, 82 B.R. 738 (Bankr.E.D.Pa.1988) which stands for the proposition that a stay violation is willful when a party acts with knowledge of filing of a bankruptcy. *See also In re Santa Rosa Truck Stop, Inc.*, 74 B.R. 641 (Bankr.N.D.Fla.1987); *In re Shafer*, 63 B.R. 194 (Bankr.D.Kan.1986).

■ Therefore this court finds Peachtree Apartments to be in willful violation of the automatic stay. This court does not find punitive damages to be in order against Peachtree Apartments, because although the action of Peachtree Apartments was intentional, it was not a deliberate violation of this court's order. This court finds Peachtree Apartments to be liable to the Debtor for the total amount of $2,331.92 in damages.[7]

---

**7.** These damages are delineated in an earlier     part of the opinion.