In re Steven Lamont WOMACK.

Steven L. Womack, Plaintiff,

v.

Hon. Robin L. Mays, Fourth Division, Chancery Court; Hon. Dara A. Hall, Special Deputy Prosecutor, and Office Of Child Support Enforcement, Defendants.

Bankruptcy No. 00–43567 S.
Adversary No. 00–4113.

United States Bankruptcy Court,
E.D. Arkansas,
Western Division.

Aug. 23, 2000.

James Barnhill, State of Arkansas Office of Child Support Enforcement, Little Rock, AR.

David D. Coop, N. Little Rock, AR, Chapter 13 Trustee.

### ORDER DISMISSING INDIVIDUAL DEFENDANTS
### AND
### ORDER TO SHOW CAUSE WHY PROCEEDING SHOULD NOT BE DISMISSED

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon a *sua sponte* review of the file. The *pro se*

debtor commenced this case by the filing of a skeletal chapter 13 petition on Monday, August 14, 2000. The petition listed only one creditor, the Office of Child Support Enforcement. The debtor does not list his former spouse as a creditor. Immediately following the filing of this chapter 13 case, the Arkansas Office of Child Support Enforcement filed a Motion for Relief from Stay.

The adversary complaint alleges that debtor filed a bankruptcy case, gave the defendants notice of the commencement of the case, and that they have refused to abide by the automatic stay in that they have continued to enforce collection of child support arrearages. No specific acts regarding collection are alleged. It appears, however, that the debtor is incarcerated, although it is unclear for what reason. One inference from the vague assertions in the complaint is that he was accused of theft by a former employer. It is also possible to he may be incarcerated for failure to pay a child support debt. There are numerous defects in this complaint, some of which the debtor must be given an opportunity to address. The court will dismiss, however, the judge and prosecuting attorney, *sua sponte* because they are protected by immunity from suit.

## I.

It is well settled that a court and prosecutors enjoy judicial immunity from suit for acts taken in the course of their official judicial and prosecutorial duties. It is clear from the allegations of the complaint that any acts taken by the Chancery Court as well as the Special Deputy Prosecutor were within the bounds of their respective offices.[1] Judicial officers and prosecutors are immune from damage suits such as these. *Forrester v. White,* 484 U.S. 219, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988); *Briscoe v. LaHue,* 460 U.S. 325,

---

1. The complaint does not in fact allege any specific acts of these court officers. The only inference the court can glean from the debt-

103 S.Ct. 1108, 75 L.Ed.2d 96 (1983); *Mullen v. Galati*, 843 F.2d 293 (8th Cir.1988)(upholding award of rule 11 sanctions against plaintiffs where judges' actions were "unequivocally judicial in nature."); *Childs v. Reynoldson*, 777 F.2d 1305 (8th Cir.1985); *McCaw v. Winter*, 745 F.2d 533 (8th Cir.1984)(immunity of court clerk); *Smith v. Bacon*, 699 F.2d 434 (8th Cir.1983); *Birch v. Mazander*, 678 F.2d 754 (8th Cir.1982); *Billingsley v. Kyser*, 691 F.2d 388 (8th Cir.1982)(prosecutor immunity); *McClain v. Brown*, 587 F.2d 389 (8th Cir.1978); *Harley v. Oliver*, 539 F.2d 1143 (8th Cir.1976); *Wiggins v. Hess*, 531 F.2d 920 (8th Cir.1976); *Gilbert v. Corcoran*, 530 F.2d 820 (8th Cir.1976); *Cook v. Williams*, 651 F.Supp. 350 (E.D.Ark.), aff'd, 822 F.2d 1093 (8th Cir.1987); *Clark v. Campbell*, 514 F.Supp. 1300 (W.D.Ark. 1981); *Orlando v. Wizel*, 443 F.Supp. 744 (W.D.Ark.1978). This rule holds true even where the action seeks damages for violation of the automatic stay. *Coates v. Peachtree Apartments (In re Coates)*, 108 B.R. 823 (Bankr.M.D.Ga.1989)(court marshal protected by doctrine of judicial immunity from liability for violation of stay). Accordingly, the Honorable Robin L. Mays and Dara A. Hall will be dismissed as a defendants in this proceeding.

## II.

The adversary complaint requests that the debtor be released from incarceration. Thus, under the guise of arguing the applicability of the automatic stay in bankruptcy, the debtor seeks the relief afforded by a writ of habeas corpus. Inasmuch as the debtor was incarcerated prior to the filing of the petition in bankruptcy, the petition appears to have been filed with an improper motive. Indeed, it is possible that the case and this related adversary proceeding were filed only for the purpose of obtaining release from jail. In any event, it

appears to the court that the complaint fails to state a cause of action for which relief may be granted. Section 362 imposes a stay of any action to collect a debt after the petition in bankruptcy is filed. 11 U.S.C. § 362(a). Although one court has held that this includes revocation of probation and subsequent incarceration for failure to pay a criminal fine, *Hucke v. State of Oregon (In re Hucke)*, 128 B.R. 675 (D.Or.1991), that case, and its higher authority, has been expressly overruled by the Ninth Circuit Court of Appeals. *In re Gruntz*, 202 F.3d 1074, 1085–87 (9th Cir.2000)(automatic stay does not apply to criminal proceedings, even if the debtor asserts that the underlying purpose of the criminal proceeding is simple debt collection, overruling *Hucke v. Oregon*, 992 F.2d 950 (9th Cir.1993)).

In any event, from the allegations of the complaint, the debtor's incarceration occurred prior to the filing of the petition in bankruptcy. Since the debtor was not a debtor under title 11, there was no automatic stay in place precluding a prepetition finding of contempt, imposition of a fine, or incarceration.[2] No stay being in effect at the time of the incarceration, there can be no wilful violation of the stay. Accordingly, the complaint appears to fail to state a claim for which relief may be granted.

The Court also notes that it has no jurisdiction to entertain a Petition for Writ of Habeas Corpus. The modern authority for release from incarceration is found in 28 U.S.C. § 2241, *et seq.*, under which only the "Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions," has authority to issue such a writ. The statute which permitted the bankruptcy court to issue a writ of habeas corpus, 28 U.S.C. § 2256, never took effect. Accordingly, it

---

or's assertions is that he complains that he has not been released from jail.

2. The Court assumes, without deciding, that an order of contempt occurred. Of course, if

the matter is solely criminal in nature, the stay would have no effect. 11 U.S.C. § 362(b)(1).

would appear that this Court does not have the power to order the release of the debtor.

### III.

It is well settled that a Court must examine whether it has subject matter jurisdiction over any proceeding. In this case, the debtor has also requested sanctions in the amount of $12,000 against a state agency. The Eleventh Amendment, a limit on the jurisdiction of the federal courts, states: "The judicial power of the United States does not extend to suit against a state by citizens of another state." Thus, the Eleventh Amendment precludes, absent a waiver of sovereign immunity either by the United States Congress pursuant to a valid power or by the state itself, suit against the state instrumentality in the federal court. That is, the Eleventh Amendment prevents Congress from passing laws that permit suits against a state without the state's consent.

Since the Supreme Court decision in *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996), the courts have consistently applied *Seminole* to preclude suits in the bankruptcy context against state agencies which have not waived sovereign immunity in the bankruptcy case. *See, e.g., NVR Homes v. Clerks of Circuit Courts for Anne Arundel County (In re NVR, Inc.),* 189 F.3d 442 (4th Cir.1999), *cert. denied,* —— U.S. ——, 120 S.Ct. 936, 145 L.Ed.2d 815 (2000); *Innes v. Kansas State University (In re Innes),* 184 F.3d 1275 (10th Cir.1999), *cert. denied,* —— U.S. ——, 120 S.Ct. 1530, 146 L.Ed.2d 345 (2000); *Sacred Heart Hospital of Norristown v. Commonwealth of Pennsylvania, (In re Sacred Heart Hospital of Norris-*

*town* ), 133 F.3d 237 (3d Cir.1998); *Schlossberg v. State of Maryland (In re Creative Goldsmiths of Washington, D.C., Inc.),* 119 F.3d 1140 (4th Cir.1997), *cert. denied,* 523 U.S. 1075, 118 S.Ct. 1517, 140 L.Ed.2d 670 (1998); *see Rose v. U.S. Department of Education (In re Rose),* 187 F.3d 926 (8th Cir.1999).[3] The Eleventh Amendment, therefore, would appear to preclude the debtor from suing an agency of the State of Arkansas, absent its consent or effective waiver.

Based upon the foregoing, it is

**ORDERED** as follows:

1. The Honorable Robin L. May, is dismissed as a party defendant in this action.

2. Dara A. Hall, Special Deputy Prosecutor, is dismissed as a party to this action.

3. The debtor shall show cause within fifteen (15) days of entry of this Order why this adversary proceeding should not be dismissed for:

(A) lack of subject matter jurisdiction based upon Eleventh Amendment sovereign immunity; and

(B) failure to state a claim for which relief may be granted.

**IT IS SO ORDERED.**

---

3. Of course, the Eleventh Amendment is not a talisman providing state agencies with the authority or right to ignore federal law. The state and its agencies are bound by federal law, just as any other creditor. The state must respect and comply with the Bankruptcy Code, including provisions regarding the automatic stay, 11 U.S.C. § 362, the discharge injunction, 11 U.S.C. § 524, and prohibitions against discriminatory treatment, 11 U.S.C. § 525. Thus, although, absent a waiver, a suit may not be maintained in the federal bankruptcy court against the state to enforce the Bankruptcy Code, the state is still obligated to comply with the provisions of the Code.