Peter SKANDALAKIS,
Plaintiff/Appellant,

v.

Arthur GEESLIN, Jr.,
Defendant/Appellee.

No. 4:03–CV–126–3(CDL).

United States District Court,
M.D. Georgia,
Columbus Division.

Jan. 5, 2004.

Georgia, wilfully violated an automatic stay under 11 U.S.C. § 362(a) and a discharge injunction under 11 U.S.C. § 524(a)(2).[1] The Court finds that as a state officer Appellant is entitled to immunity pursuant to the Eleventh Amendment to the United States Constitution. Therefore, the bankruptcy court did not have jurisdiction to find Appellant in contempt under the provisions of the federal bankruptcy code. Accordingly, the ruling of the bankruptcy court is reversed.

### STANDARD OF REVIEW

This Court reviews the bankruptcy court's findings of law *de novo* and the bankruptcy court's findings of fact for clear error. Fed. R. Bankr.P. 8013; *Unsecured Creditors Comm. v. Webb & Daniel*, 204 B.R. 830, 832 (M.D.Ga.1997).

### BACKGROUND

The facts giving rise to this appeal are undisputed. Debtor–Appellee, Arthur Geeslin Jr., was a commercial surety on a criminal bail bond. The principal of the bond failed to appear before the Meriwether County Superior Court on the date required by law. Consequently, a date was set for the execution hearing on the bond forfeiture pursuant to O.C.G.A. section 17–6–70(b). Geeslin contends that he is no longer liable on the bond because that debt, along with others, was dis-

Lesley White Berggren, Atlanta, GA, for appellant.

Clark Coleman Adams, Jr., Columbus, GA, for appellee.

### ORDER

LAND, District Judge.

This bankruptcy appeal arises from the bankruptcy court's ruling that Appellant, the District Attorney for the Coweta Judicial Circuit and an officer of the State of

---

1. Upon a debtor's filing for Chapter 7 bankruptcy protection, 11 U.S.C. § 362(a) automatically stays "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case . . . ," as well as "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case . . . , or to recover a claim against the debtor that arose before the commencement of the case . . . ." Additionally, 11 U.S.C. § 524(a)(2) provides that a discharge of debt by the bankruptcy court "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived."

charged pursuant to his Chapter 7 bankruptcy proceedings.[2]

To prevent Appellant from pursuing recovery on the bond, Appellee filed a "citation for contempt" against Appellant in the bankruptcy court. Appellee sought damages and injunctive relief based upon Appellant's alleged violation of the automatic stay and discharge injunction provisions of the bankruptcy code. Appellant was served with the citation and instructed to appear before the bankruptcy court to answer the charges.

In an opinion issued on July 17, 2003, the bankruptcy court found that the forfeiture bond was discharged pursuant to Appellee's Chapter 7 bankruptcy proceedings. The bankruptcy court also found that Appellant, by pursuing collection of the forfeiture bond, had wilfully violated the automatic stay and discharge injunction provisions of the bankruptcy code. The bankruptcy court rejected Appellant's contention that the bankruptcy court did not have subject matter jurisdiction over this action based upon Appellant's immunity under the Eleventh Amendment to the U.S. Constitution. The bankruptcy court reasoned that its ruling did not implicate the Eleventh Amendment because it had authority to exercise *in rem* jurisdiction over Appellee's property, an adversary proceeding had not been initiated, and it was not awarding damages or granting injunctive relief at this time.[3]

Appellant contends that the contempt ruling by the bankruptcy court should be reversed because he is entitled to Eleventh Amendment immunity and therefore is not subject to the jurisdiction of the bankruptcy court. Appellant also maintains that even if he is subject to the jurisdiction of the bankruptcy court, he violated no provision of the bankruptcy code because the automatic stay and discharge injunction provisions do not apply to a criminal forfeiture bond. Since the Court finds that the bankruptcy court did not have jurisdiction to enter its contempt ruling, the Court finds it unnecessary to determine whether a debt arising from a criminal forfeiture bond is dischargeable under federal bankruptcy law.

## DISCUSSION

The Eleventh Amendment to the United States Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

"The Eleventh Amendment is 'a recognition that states, though part of a union, retain attributes of sovereignty, including immunity from being compelled to appear in the courts of another sovereign against their will.'" *Manders v. Lee,* 338 F.3d 1304, 1308 (11th Cir.2003) (quoting *McClendon v. Ga. Dep't of Cmty. Health,* 261 F.3d 1252, 1256 (11th Cir.2001)). The

---

2. The bond was forfeited on August 29, 2002, the day that the criminal defendant failed to appear in the superior court. Appellee filed his petition for bankruptcy protection under Chapter 7 on September 10, 2002. Appellee listed the bond forfeiture on his schedule of creditors. However, Appellant did not file a proof of claim and has done nothing to participate voluntarily in the bankruptcy proceedings.

3. The bankruptcy court found that Appellee had not brought a proper "adversary proceeding," which was necessary for the issuance of an injunction. Therefore, the bankruptcy court dismissed Appellee's request for injunctive relief that was included in his "citation for contempt." *Geeslin v. Skandalakis (In re Geeslin),* 296 B.R. 70, 74 (Bankr.M.D.Ga. 2003) (citing Fed. R. Bankr.P. 7001(7)).

scope of immunity conferred by the Eleventh Amendment shields states from the burden of standing trial or participating in litigation in federal courts. *Bouchard Transp. Co. v. Fla. Dep't of Envtl. Prot.,* 91 F.3d 1445, 1448 (11th Cir.1996). "It is well settled that the reference to action 'against one of the United States' 'encompasses not only cases in which the State itself is named as a defendant, but also certain actions against state agents and state instrumentalities.' "[4] *Vierling v. Celebrity Cruises, Inc.,* 339 F.3d 1309, 1314 (11th Cir.2003) (quoting *Shands Teaching Hosp. & Clinics, Inc. v. Beech Street Corp.,* 208 F.3d 1308, 1311 (11th Cir.2000)).

■ The Court finds that the "citation of contempt" proceeding against Appellant was a "suit" as contemplated by the Eleventh Amendment. In that proceeding, Appellee sought monetary damages and injunctive relief. Pursuant to the filing of that action, Appellant was ordered to appear before the federal bankruptcy court to answer the charges. He was clearly compelled to participate in federal court proceedings which purportedly would determine whether he or the state treasury would be liable for damages and whether he, as an officer of the state, would be mandated to follow an order issued by a

federal bankruptcy court. The Eleventh Amendment prohibits compelling state officers, acting in their official capacities, to submit to the jurisdiction of federal courts. It is undisputed that neither Appellant nor the State of Georgia consented to the jurisdiction of the bankruptcy court; nor did they waive their sovereign immunity.

■ The bankruptcy court implies that its refusal to award monetary damages eliminates Eleventh Amendment concerns. However, as noted by the Supreme Court, "the relief sought ... is irrelevant to the question whether the suit is barred by the Eleventh Amendment." *Seminole Tribe of Fla. v. Florida,* 517 U.S. 44, 58, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996). "The Eleventh Amendment does not exist solely in order to preven[t] federal-court judgments that must be paid out of a State's treasury, it also serves to avoid the indignity of subjecting a State to the coercive process of judicial tribunals at the instance of private parties." *Id.* (alteration in original) (internal quotations and citations omitted). The action filed by Appellee in the bankruptcy court, whatever it may be called, clearly subjected a state official to the coercive process of a federal judicial tribunal at the initiation of a private party.[5] This case is distinguishable

---

**4.** It is undisputed that Appellant is a state agent for purposes of Eleventh Amendment immunity.

**5.** The bankruptcy court's decision to characterize Appellee's proceeding as something other than adversarial does not change the fact that the proceeding contains all of the elements of a "suit" as contemplated by the Eleventh Amendment. *See Weston v. City Council of Charleston,* 27 U.S. 449, 464, 2 Pet. 449, 7 L.Ed. 481 (1829) ("The term ['suit'] is certainly a very comprehensive one, and is understood to apply to any proceeding in a court of justice, by which an individual pursues that remedy in a court of justice, which the law affords him. The modes of proceeding may be various, but if a right is litigated

between parties in a court of justice, the proceeding by which the decision of the court is sought, is a suit."). Moreover, the bankruptcy court's decision not to grant the relief sought by Appellee, apparently due to Eleventh Amendment concerns, likewise cannot confer subject matter jurisdiction that never existed in the first place because of the Eleventh Amendment. Otherwise, state defendants could be hauled into court, required to answer allegations, and be burdened with discovery and all of the other requirements of litigation, based solely upon the possibility that Eleventh Amendment immunity would be unnecessary if the state ultimately prevailed on the merits of the underlying claim.

from those in which the state official was not compelled to participate in the federal proceeding. *See, e.g., Virginia v. Collins (In re Collins),* 173 F.3d 924, 929 (4th Cir.1999) (wherein Fourth Circuit held that the Eleventh Amendment was not violated when a bankruptcy court reopened a case under 11 U.S.C. § 350(b) to determine whether a commercial bail bond forfeiture was properly dischargeable based upon its *in rem* jurisdiction over the property of the debtor; however, the motion to reopen did not name the state or a state official as a defendant, was not served upon the state with process, did not compel the state to appear in bankruptcy court, and was thus not a "suit" for Eleventh Amendment purposes).

■ Finally, the Court declines to find that Appellant's sovereign immunity has been abrogated by 11 U.S.C. § 106.[6] Even if Congress has clearly stated in the bankruptcy code that a state's sovereign immunity is to be abrogated as to the enforcement of orders issued by bankruptcy courts, it is clear that Congress does not have the constitutional authority to abrogate a *state's* sovereign immunity under these circumstances. *See Seminole Tribe,* 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252; *see also In re Sacred Heart Hosp. of Norristown,* 133 F.3d 237, 245 (3rd Cir.1998); *In re Creative Goldsmiths of Washington, D.C., Inc.,* 119 F.3d 1140, 1146–47 (4th Cir.1997); *In re Estate of Fernandez,* 123 F.3d 241, 242 (5th Cir. 1997); *Nelson v. La Crosse County Dist. Atty. (State of Wisconsin),* 301 F.3d 820, 832 (7th Cir.2002).

■ Because Appellant is a state agent who has not consented to the jurisdiction of the federal bankruptcy court and has not waived his Eleventh Amendment immunity, he is not subject to the jurisdiction of that court.[7] Therefore, the ruling of the bankruptcy court must be reversed.[8]

**6.** 11 U.S.C. § 106 provides that "sovereign immunity is abrogated as to a governmental unit to the extent set forth in ... [S]ection ... 105." Generally, when an automatic stay is willfully violated, the violator is found in contempt of the stay under § 105. Therefore, the Eleventh Circuit has held that §§ 105 and 106 abrogate the sovereign immunity of the United States and its agencies such as the Internal Revenue Service regarding bankruptcy court orders for contempt citations. *See Jove Engineering, Inc. v. Internal Revenue Serv.,* 92 F.3d 1539, 1555 (11th Cir.1996). However, *Jove* does not stand for the proposition that Congress has the authority to abrogate a *state's* sovereign immunity as to similar bankruptcy orders directed to a *state* or *state* official. In fact, the Eleventh Circuit and the Supreme Court have held to the contrary. *See Seminole Tribe of Fla. v. Florida,* 11 F.3d 1016 (11th Cir.1994), *aff'd by Seminole Tribe,* 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252.

**7.** The Court notes that whether Appellant is subject to federal jurisdiction under the exception to Eleventh Amendment immunity as articulated in *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908) is not presently before the Court. The bankruptcy court found that, under the bankruptcy rules, Appellee could not seek injunctive relief in the proceeding giving rise to this appeal. Therefore, the bankruptcy court did not exercise its jurisdiction based upon the principles enunciated in *Ex Parte Young.*

**8.** The Court rejects any contention that this ruling alone will have the effect of not providing debtors with the complete discharge protections contemplated by Congress in its enactment of the bankruptcy code. The Court's ruling should not be construed to mean that it has determined that criminal forfeiture bonds are not dischargeable. The Court has found it unnecessary to address that issue today. Furthermore, the Court's ruling does not prevent Appellee from raising discharge in bankruptcy as an affirmative defense in any state court proceeding filed against him by Appellant. *See O.C.G.A.* § 9–11–8(c). Nevertheless, if this Court's ruling does have the effect of limiting statutorily enacted protections, the Court finds that such effect is mandated by the Constitution of the United States. *See* U.S. Const. amend. XI.

## CONCLUSION

Based upon the foregoing reasons, the Order of the bankruptcy court dated July 17, 2003, is reversed.