In the Matter of Terry Carl PERRY
and Marilyn Miller Perry,
Debtors.

Terry Carl Perry, Plaintiff,

v.

Puckett Foundations, Becky Jones, Ran-
dy Jones, Hon. Harry F. Rice, and
Robert Lavender, Defendants.

Bankruptcy No. 03–31648–RFH.
Adversary No. 04–3030.

United States Bankruptcy Court,
M.D. Georgia,
Athens Division.

July 29, 2004.

W. Ross McConnell, Athens, GA, for Plaintiff.

W. Wright Banks, Jr., Senior Assistant Attorney General, Atlanta, GA, for Robert Lavender, Defendant.

### MEMORANDUM OPINION

ROBERT F. HERSHNER, JR., Chief Judge.

Robert Lavender, Defendant, (hereafter "Mr. Lavender"), filed a motion to dismiss on June 18, 2004. Terry Carl Perry, Plaintiff, filed an untimely response on July 26, 2004 [1]. The Court, having considered the record and the arguments of counsel, now publishes this memorandum opinion.

The Court, in considering the motion to dismiss, will accept as true the well plead facts in Plaintiff's complaint. Mr. Lavender bears a "very high burden" of showing that Plaintiff cannot conceivably prove any set of facts that would entitle him to relief. *Dudley v. Citicorp Mortgage, Inc. (In re Dudley),* Ch. 7 Case No. 02–51225 RFH, Adv. No. 02–5087, 2003 WL 164255 (Bankr.M.D.Ga., Jan. 10, 2003).

Randy Jones and Becky Jones (hereafter "Jones") hired Plaintiff to construct an addition to their home. Plaintiff subcontracted with Puckett Foundations to provide materials and labor. Plaintiff received certain payments from the Jones. Plaintiff failed to pay his subcontractor, Puckett Foundations.

Plaintiff and his wife filed a joint petition under Chapter 13 of the Bankruptcy Code on September 17, 2003. The Jones and Puckett Foundations knew that Plaintiff had filed for bankruptcy relief. The Jones, on September 19, 2003, filed with the Magistrate Court of Madison County, Georgia, an Application For Warrant Issuance Hearing. The application alleges, in part, that Plaintiff had failed to pay Puckett Foundations. Puckett Foundations filed on October 3, 2003, a materialman's lien against the Jones's property for the purpose of collecting the debt owed by Plaintiff.

The Hon. Harry F. Rice, magistrate court judge, conducted a hearing on October 16, 2003, on the Jones's application for a warrant. Becky Jones testified that no criminal charges would be brought if Plaintiff paid the debt owed to Puckett Foundations and if the materialman's lien

---

1. The Court has considered Plaintiff's untimely response in deciding the issues presented in this motion to dismiss.

was removed. About one week later, Becky Jones told Plaintiff that Judge Rice would find probable cause to issue a warrant for Plaintiff's arrest unless he paid the debt to Puckett Foundations. Plaintiff filed a Plea in Stay with the magistrate court on October 23, 2003. Plaintiff's counsel told Judge Rice that Plaintiff's debt to Puckett Foundations was dischargeable in bankruptcy and that "the case lacked criminal culpability." Sometime later, Plaintiff learned that a criminal warrant for his arrest had been issued. Plaintiff surrendered to the Sheriff of Madison County on December 1, 2003. Plaintiff was released on bond.

Mr. Lavender is the District Attorney for the Northern Judicial Circuit. Mr. Lavender caused Plaintiff to be indicted for the crime of theft by conversion on May 19, 2004.

Plaintiff filed this adversary proceeding on June 1, 2004.[2] Plaintiff contends that the defendants[3] conspired to willfully violate the automatic stay of the Bankruptcy Code. 11 U.S.C.A. § 362. Plaintiff contends that the defendants are using the criminal proceedings to collect a civil debt. Plaintiff seeks sanctions, injunctive relief, and damages. Mr. Lavender filed a motion to be dismissed as a party defendant.

■ The automatic stay does not stay the commencement or continuation of a criminal action or proceeding against a debtor in bankruptcy. 11 U.S.C.A. § 362(b)(1) (West 1993).

"[C]riminal cases commenced solely to collect a debt are unaffected by the automatic stay." *Smith v. Goode (In re Smith)*, 301 B.R. 96, 100 (Bankr.M.D.Ga. 2003) (Walker, J.).

Under Georgia law, a contractor commits a felony if he, with intent to defraud, fails to use the proceeds of any payment made to him to pay subcontractors for improvements made to real property. The failure to pay subcontractors is prima-facie evidence of intent to defraud. O.C.G.A. § 16–8–15 (2003).

Plaintiff admits that he received payments from the Jones. Plaintiff admits that he failed to pay his subcontractor, Puckett Foundations.

■ A state prosecutor who acts within the scope of his duties in initiating and pursuing a criminal prosecution has absolute immunity from a civil suit for damages. *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976).

■ "It is well settled that a court and prosecutors enjoy judicial immunity from suit for acts taken in the course of their official judicial and prosecutorial duties.... Judicial officers and prosecutors are immune from damages such as these. This rule holds true even where the action seeks damages for violation of the automatic stay." *Womack v. Mays (In re Womack)*, 253 B.R. 241, 242–43 (Bankr. E.D.Ark.2000.) (Scott, J.).

■ The District Court for the Middle District of Georgia has held that a district attorney, as a state officer acting in his official capacity, is entitled to immunity under the Eleventh Amendment to the United States Constitution for an alleged violation of the automatic stay. *Skandalakis v. Geeslin*, 303 B.R. 533 (M.D.Ga. 2004) (Land, J.).[4]

---

**2.** Plaintiff has filed a motion for leave to amend his complaint. The Court has considered the amendment in deciding the issues presented in this motion to dismiss.

**3.** The defendants are Puckett Foundations, Becky Jones, Randy Jones, Hon. Harry F. Rice, and Robert Lavender.

**4.** This ruling, while not binding on this Court, is entitled to appropriate respect. *See Daly v.*

Since Mr. Lavender has immunity from damages, Plaintiff's complaint seeking damages must be dismissed. Plaintiff also seeks injunctive relief for which Mr. Lavender does not have immunity

■ In *Barnette v. Evans,*[5] the Eleventh Circuit Court of Appeals "established a two-prong test for determining whether the court should enjoin a state criminal prosecution of a debtor on the ground that the prosecution will frustrate the bankruptcy judge's jurisdiction to discharge debt. First, a debtor must establish that the criminal prosecution is brought in bad faith. Second, a debtor must establish that it would be no defense to the criminal prosecution that the prosecution was brought for the purpose of collecting a debt." *Sheppard v. Piggly Wiggly (In re Sheppard)*, 2000 WL 33743081 (Bankr. M.D.Ga.2000) (Laney, J.).

*See also Anderson v. Greenway (In re Anderson)*, Ch. 13, Case No. 94–30637 (Bankr.M.D.Ga. July 31, 1996) (Hershner, J.).

■ Plaintiff, in his complaint, sets forth no facts to demonstrate that a "debt collection defense" could not be raised in the state court criminal proceeding. The Court is persuaded that Plaintiff is not entitled to injunctive relief. The Court is persuaded that Mr. Lavender's motion to be dismissed as a party defendant should be granted.

An order in accordance with this memorandum opinion shall be entered this date.

---

*Deptula (In re Carrozzella & Richardson)*, 255 B.R. 267, 272 (Bankr.D.Conn.2000).

---

**5.** 673 F.2d 1250 (11th Cir.1982).