FILED
United States Court of Appeals
Tenth Circuit

March 12, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

KRIS K. AGRAWAL,

    Plaintiff - Appellant,

v.

COURTS OF OKLAHOMA; RICHARD
V. OGDEN,

    Defendants - Appellees.

No. 18-6144
(D.C. No. 5:18-CV-00396-D)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH**, **BALDOCK**, and **KELLY**, Circuit Judges.
_____

Kris K. Agrawal appeals pro se from the district court's dismissal of his

complaint asserting due process claims against Richard V. Ogden, a state District

Court judge.[1]  The court held that Agrawal's claims against Judge Ogden were barred

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We construe Agrawal's claims as brought pursuant to 42 U.S.C. § 1983.

by the doctrine of absolute judicial immunity.[2]  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Judge Ogden presided in a wage claim and collection action involving Agrawal in Oklahoma County District Court.  In his federal court complaint, Agrawal alleged that Judge Ogden violated his right to due process by refusing to recuse and by presiding over the state-court action in violation of the automatic bankruptcy stay pursuant to 11 U.S.C. § 362(a).  Judge Odgen moved to dismiss the claims against him under Fed. R. Civ. P. 12(b)(1) and (6).  The district court granted the motion, holding that Judge Odgen was entitled to absolute judicial immunity.  Agrawal appeals the dismissal order entered July 9, 2018.[3]

We review de novo whether a defendant is immune from suit.  *Collins v. Daniels*, __ F.3d __, 2019 WL 908645, at *8 (10th Cir. Feb. 25, 2019).

> The appropriate inquiry in determining whether a particular judge is immune is whether the challenged action was "judicial," and whether at the time the challenged action was taken, the judge had subject matter jurisdiction.  Stated differently, judges are liable only when they act in "clear absence of all jurisdiction"; they are absolutely immune even when their action is erroneous, malicious, or in excess of their judicial authority.

*Van Sickle v. Holloway*, 791 F.2d 1431, 1435 (10th Cir. 1986) (citation omitted) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)).  The district court held that Agrawal

---

[2] Agrawal does not challenge on appeal the district court's dismissal of his claims against the other named defendant, the "Courts of Oklahoma."

[3] Agrawal has not appealed the district court's order denying his post-judgment motion to reconsider the dismissal order.  *See* R., Vol. 2 at 7 (notice of appeal designating "Order dated 7/9/18"); Fed. R. App. P. 3(c)(1)(B) (notice of appeal must "designate the judgment, order, or part thereof being appealed").

alleged no facts suggesting that Judge Ogden did not act in his judicial capacity or that he took action in a clear absence of all jurisdiction.

Agrawal's appeal briefs are prolix and primarily address the merits of the wage claim and related collection action in state court—issues that are not before this court. But because he appears pro se, we have liberally construed his filings "and have tried to discern the kernel of the issues []he wishes to present on appeal." *de Silva v. Pitts*, 481 F.3d 1279, 1283 n.4 (10th Cir. 2007). To the extent that Agrawal does address the basis for the district court's dismissal of his claims against Judge Ogden, he does not contend that Judge Ogden's actions were non-judicial. He appears to argue that Judge Odgen acted in the clear absence of all jurisdiction because (1) he refused to recuse, violating Agrawal's right to due process, and (2) he took action in the state-court case in violation of the automatic bankruptcy stay. Neither contention has merit.

"[T]he scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump*, 435 U.S. at 356. Moreover, there is "[a] distinction . . . between excess of jurisdiction and the clear absence of all jurisdiction over the subject-matter." *Id.* at 356 n.6 (internal quotation marks omitted). Nothing in Agrawal's complaint suggested that Judge Odgen lacked subject-matter jurisdiction over the state-court proceedings before him. *See Van Sickle*, 791 F.2d at 1435. Indeed, Oklahoma state District Courts are courts of general jurisdiction. *See* Okla. Const. art. VII, § 7(a) ("The District Court shall have unlimited original jurisdiction of all justiciable matters . . . and such powers of review of administrative action as may be provided by statute.").

3

Agrawal first contends that Judge Ogden is not immune because the Judge deprived him of due process by continuing to participate in the state-court case while Agrawal's motion to disqualify was pending. But where the court is one of general jurisdiction, a judge's alleged procedural error does not render him liable in damages for the consequences of his judicial action. *See Stump*, 435 U.S. at 359-60. This is so even where, as here, the error is alleged to have resulted in a denial of due process. *See id.* at 359 (rejecting contention that judicial immunity does not apply where a judge "fail[s] to comply with elementary principles of procedural due process" (internal quotation marks omitted)).

Alternatively, Agrawal argues that Judge Ogden is not immune because the Judge took action in the state-court case while an involuntary bankruptcy was pending against Agrawal.[4] This court has held that a court "lack[s] power" to enter an order affecting a debtor when proceedings are stayed pursuant to 11 U.S.C. § 362(a), and that "any action taken in violation of the stay is void and without effect." *Ellis v. Consol. Diesel Elec. Corp.*, 894 F.2d 371, 372-73 (10th Cir. 1990). But an automatic bankruptcy stay did not deprive Judge Ogden of subject-matter jurisdiction, broadly construed, over the state-court case. Thus, even were Judge Ogden to take action in violation of the stay, his act would not be in a clear absence

---

[4] Judge Ogden asserts that no bankruptcy stay was in place, but he appears to overlook *In re Agrawal*, No. 16-11253 (Bankr. W.D. Okla.), an involuntary bankruptcy petition filed against Agrawal by a number of his creditors. That case was pending from April 4, 2016, through January 22, 2019. Agrawal referenced this bankruptcy case in an exhibit to his complaint. *See* R., Vol. 1 at 72-81.

of all jurisdiction, and he would therefore still be immune from suit. *See Womack v. Mays (In re Womack)*, 253 B.R. 241, 242-43 (Bankr. E.D. Ark. 2000) (holding judicial immunity "holds true even where the action seeks damages for violation of the automatic stay"); *Coates v. Peachtree Apartments (In re Coates)*, 108 B.R. 823, 825 (Bankr. M.D. Ga. 1989) (same).

Finally, Agrawal argues in his reply brief that he did not seek monetary damages from Judge Ogden in his complaint. To the extent he claims that his complaint sought only injunctive relief and that Judge Ogden is therefore not immune, *see Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984), we decline to consider that contention. First, "[t]his court does not ordinarily review issues raised for the first time in a reply brief." *Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000). Additionally, the contention is perfunctory, at best. *See Murrell v. Shalala*, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994) ("[P]erfunctory complaints fail to frame and develop an issue sufficient to invoke appellate review."). Although we liberally construe Agrawal's pro se briefs, we "will not craft a party's arguments for him." *Perry v. Woodward*, 199 F.3d 1126, 1141 n.13 (10th Cir. 1999).[5]

---

[5] In any event, Agrawal cannot obtain injunctive relief against Judge Ogden under § 1983. *See Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) (holding that the Federal Courts Improvement Act of 1996 precludes injunctive relief against a judicial officer under § 1983); 42 U.S.C. § 1983 (providing that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable").

The judgment of the district court is affirmed.  Judge Ogden's motion to dismiss the appeal is denied as moot.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge